USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/9/2020__

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

*In re Morgan Stanley Data Security Litigation*         20 Civ. 5914 (AT)

## STIPULATED PROTECTIVE ORDER

To facilitate the exchange of discovery material, assist with the resolution of potential disputes over confidentiality, and protect against improper disclosure of Discovery Material entitled to protection under Federal Rule of Civil Procedure 26(c), the Parties agree that this Stipulated Protective Order ("Order") shall govern the above captioned actions (collectively, the "Litigation").

Good cause exists for the entry of a narrowly-tailored Order pursuant to this Court's authority under Federal Rule of Civil Procedure 26(c), and the consent of the parties. Specifically, the Court recognizes that this Litigation involves allegations regarding Defendant's data security practices, and may also involve the disclosure of non-public, highly sensitive personal information, technical information regarding information and security systems, proprietary business information, and other Confidential and Highly Confidential Information as defined below.

Based upon this stipulation, it is hereby ORDERED as follows:

1. Definitions

    a. "Confidential" Discovery Material shall mean Discovery Material that the Designating Party believes in good faith contains confidential, proprietary, financial, customer, client or commercial information, trade secrets or nonpublic research or business development,

PII or any information of a personal or intimate nature regarding any individual, any information kept confidential pursuant to law or regulation, or any other category of information hereinafter given Confidential status by the Court.

      b.  "Designated Material" shall mean any Discovery Material designated as Confidential or Highly Confidential by a Designating Party.

      c.  "Designating Party" shall mean a Party or non-party that designates Discovery Material as Confidential or Highly Confidential.

      d.  "Discovery Material" shall mean all documents, items, or other information, regardless of the medium or manner generated, stored, or maintained that are produced or generated in disclosures or responses to discovery in this Litigation. Discovery Material includes any material produced, filed, or served by any Party or person during discovery in this Litigation, or any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or non-party (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), responses to requests for admission, and conversations or presentations by Parties or their counsel that might reveal Designated Material.

      e.  "Highly Confidential" Discovery Material shall mean extremely sensitive Confidential Discovery Material that the Designating Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein if designated Confidential, including trade secrets or other information that the Designating Party reasonably believes the unauthorized disclosure of which would result in competitive, commercial, or financial harm to the Designating Party or its personnel, clients, or customers.

f.  "Party" shall mean any current or future Plaintiff or Defendant in this Litigation, including its employees, officers, directors, and principals acting or purporting to act on their behalf.

g.  "Personally Identifiable Information" or "PII" shall mean, for the purposes of this Order, names, Social Security numbers, passport numbers, addresses, telephone numbers, email addresses, account numbers, dates of birth, income, asset value and holding information.

h.  "Producing Party" shall mean a Party or non-party that produces Discovery Material in this Litigation.

i.  "Protected Discovery Material" shall mean Discovery Material that is subject to the attorney-client privilege, work product protection, or other applicable privilege or immunity.

j.  "Receiving Party" shall mean a Party that receives Discovery Material from a Producing Party in this Litigation.

2. <u>Designating Confidential or Highly Confidential Discovery Material in Documents</u>

a.  Any Producing Party may designate Discovery Material as Confidential or Highly Confidential, and such material shall be treated in accordance with the provisions of this Protective Order, provided that the materials are stamped or marked in such a manner that they are prominently designated Confidential or Highly Confidential. If Discovery Material entitled to protection is included in written answers to discovery requests of any kind, the portions of such answers or responses that contain Confidential or Highly Confidential Discovery Material shall be marked Confidential or Highly Confidential. To the extent a Party wishes or is required to file Confidential or Highly Confidential Discovery Material with the Court, the Party shall electronically file a partially redacted copy masking only the portion of the Discovery Material designated Confidential or Highly Confidential and simultaneously serve an unredacted copy of the document on all Parties to this Litigation.

b.  If a Producing Party is asked to produce a non-party's documents or tangible things, the Producing Party will in good faith designate materials as Confidential or Highly Confidential in conformance with any pre-existing confidentiality obligations to the non-party and/or designations requested by the non-party, or otherwise in good faith to protect the non-party's sensitive information. Parties will confer with the non-party as practicable to ensure appropriate confidentiality designations.

c.  Each Party or non-party that designates Discovery Materials Confidential or Highly Confidential under this Order must take care to limit any such designation to the specific material that qualifies under the appropriate standard. To the extent it is practical to do so, the Designating Party must designate only those parts of the Discovery Material that qualify as Confidential or Highly Confidential, so that other portions of the Discovery Material for which the protections of this Order are not warranted are not unjustifiability included.

d.  If it comes to the Designating Party's attention that Discovery Material designated Confidential or Highly Confidential does not quality for such protection, it must promptly notify the Receiving Parties in writing that it is withdrawing the designation and, at its own expense, produce new copies of the Discovery Materials with the appropriate designation within fourteen (14) calendar days.

e.  The protections of this Order do not apply to: (a) any Discovery Material that is publicly available or in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication or other event not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any Discovery Material known to Receiving Party prior to disclosure or obtained by the Receiving Party after disclosure from a source who

4

obtained the information lawfully and is under no obligation of confidentiality to the Designating Party.

3. Designating Confidential or Highly Confidential Discovery Material in Depositions

a. Discovery Material previously marked as Confidential or Highly Confidential shall remain such even if used at deposition. In addition, Parties and deponents may, within thirty (30) calendar days after receiving a final transcript of a deposition from the court reporter, designate the transcript (and/or exhibits thereto) as Confidential or Highly Confidential by written notice to the Parties present and the stenographer and the videographer.. During the 30-day designation period, all deposition transcripts shall be treated as Highly Confidential. To the extent deposition material is designated as Confidential or Highly Confidential, the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION GOVERENED BY PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL INFORMATION GOVERENED BY PROTECTIVE ORDER" by the reporter.

b. Counsel for the witness or counsel for any Party, Producing Party, or Designating Party shall have the right to exclude from attendance at portions of depositions related to Confidential or Highly Confidential Discovery Material any person who is not authorized by this Order to receive such Discovery Material.

4. Use of Designated Material is Limited to This Litigation Only

Unless otherwise ordered by this Court or any other court, administrative agency, or similar governmental or regulatory body, Designated Material may be used only in connection with the prosecution or defense of claims in, or the settlement of, this Litigation.

5. Disclosure of Confidential and Highly Confidential Discovery Material

a. Confidential Discovery Material may only be disclosed to:

i. Parties in this Litigation;

5

ii.     In-house counsel for the Parties and their internal legal, investigative, technical, administrative, and other support staff engaged in the conduct of this Litigation;

iii.     Outside counsel retained specifically for this Litigation, and their respective legal, investigative, technical, administrative, and other support staff engaged in the conduct of this Litigation;

iv.     This Court, or any other court exercising jurisdiction with respect to this Litigation, and any court personnel or other qualified persons involved in the Litigation, including clerical personnel, jurors, court reporters, or those recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Litigation;

v.     Witnesses at depositions, hearings, or trial that are not Parties or employed by Parties and who have executed the "Acknowledgment and Consent to Be Bound by Protective Order" ("Acknowledgment") attached as Exhibit A to this Order, provided that the examiner has a good faith belief that the witness is likely to have prior knowledge of the subject matter of the Discovery Material;

vi.     Any person designated by the Court to have authority to view protected material upon such terms as the Court may deem proper;

vii.     Any special master, mediator, or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration, or other dispute resolution regarding issues arising in this Litigation, provided that they have executed the Acknowledgment;

  viii. Outside consultants, investigators, or experts retained for the purpose of assisting counsel or testifying in this Litigation, provided that they have executed the Acknowledgment;

  ix. Third-party contractors engaged for litigation support, including those involved in copying, organizing, filing, coding, converting, storing, or retrieving Discovery Material or designing and maintaining computerized programs for handling Discovery Material, provided that they have executed the Acknowledgment;

  x. The person or entity that produced or originally created the designated Discovery Material;

  xi. Any author, addressee, or recipient of the designated Discovery Material as indicated on its face;

  xii. Any person or entity expressly by name mentioned, discussed, or referred to in the designated Discovery Material as indicated on its face, provided that such person or entity has executed the Acknowledgment;

  xiii. Any other person agreed to in writing by the Designating Party, which agreement shall not be unreasonably withheld.

 b. Highly Confidential Discovery Material may only be disclosed to those persons or entities identified in sections 5.a.ii-xiii, provided that such person or entity has executed the Acknowledgment .

6. <u>Signing a Consent to be Bound by the Protective Order</u>

 a. As described in Section 5, above, certain persons must execute the Acknowledgment in Exhibit A and agree—before any Designated Material is disclosed—that they: (a) read, understood, and will abide by the terms of this Order; (b) will not disclose

Designated Material to any person not authorized by this Order to receive such material; (c) will not use such Designated Material for any purpose other than this Litigation; and (d) consent to the jurisdiction of this Court for any action to enforce the provisions of Exhibit A and this Order.

      b.   Counsel for the Party who obtains the signed copies of Exhibit A shall retain them during this Litigation.

      c.   In the event that any person who is required to sign Exhibit A refuses to sign it, counsel seeking to disclose the Designated Material may seek written permission from the Designating Party, or from the Court, to disclose such material to such person upon good cause shown for such disclosure.

    7.   <u>Challenging Designations of Confidential or Highly Confidential Discovery Material</u>

      a.   Any Party may challenge the designation of Discovery Material as Confidential or Highly Confidential by providing written notice to the Designating Party identifying the Discovery Material it challenges and the basis for its challenge.

      b.   Within fourteen (14) calendar days of receiving such notice, the Designating Party shall meet and confer with the challenging Party in good faith to resolve this dispute. If the Parties are unable to reach an agreement, within ten (10) calendar days after the meet and confer, or such other time as the Parties may agree, the Designating Party may file a motion or other application allowed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practices in Civil Case to maintain the Confidential or Highly Confidential designation.

      c.   The Designating Party's motion or application regarding the challenged material shall identify with specificity the Confidential or Highly Confidential Discovery Material that is the subject of the motion, but shall not disclose or reveal the contents of that material except in the manner prescribed above regarding redactions and sealed filings. If such a motion or

application is made, all Discovery Material so designated shall maintain its existing Confidential or Highly Confidential status pending a ruling by the Court.

   d. If the Designating Party fails to make a timely motion or application for continuing Confidential or Highly Confidential treatment, unless the Parties agree otherwise, the applicable Discovery Material shall be deemed non-confidential and no longer subject to the protections of this Order.

   e. The Designating Party retains the burden of establishing the propriety of its designation of Confidential or Highly Confidential Discovery Material. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Discovery Material at issue.

   f. A person not a Party to this Litigation may challenge a confidentiality designation at any time by way of the same procedure set forth above, but such person will have the burden of persuading the Court to remove such designation or to permit disclosure to such person.

  8. <u>Inadvertent Failure to Designate</u>

   a. Except as provided in this paragraph, following a Producing Party's production or dissemination of Discovery Material, the inadvertent failure to designate particular Discovery Material as Confidential or Highly Confidential at the time of production or dissemination shall not waive the Producing Party's right to later designate such material as Confidential or Highly Confidential. Within a reasonable time after making the later designation, the Producing Party must provide the Receiving Party with a replacement copy of the Discovery Material that is properly marked Confidential or Highly Confidential in accordance with this Order.

   b. No Receiving Party shall be deemed to have violated this Order if, prior to receiving notification of such later designation, the Receiving Party disclosed such Discovery Material or used it in a manner inconsistent with the later designation. The Receiving Party shall

notify the Producing Party if any such disclosure had been made prior to the receiving notification of such later designation.

      c.  Once such later designation has been made, the relevant documents or materials shall be treated as Confidential or Highly Confidential in accordance with this Order. However, if the Discovery Material that inadvertently was not designated is, at the time of the later designation, already filed with a Court in the public record, the Disclosing Party that failed to make the designation shall be responsible for moving the Court for appropriate relief, such as partial redaction or sealing.

      d.  If an inadvertently omitted Confidential or Highly Confidential designation is first claimed during the course of a deposition, hearing, or other Court proceeding, the applicable Discovery Material may be used throughout the deposition, hearing, or Court proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

9.  <u>Privileged Material</u>

      a.  In accordance with Fed. R. Evid. 502(d), except when a Producing Party intentionally waives attorney-client privilege, work product protection, or other applicable privilege or immunity as to Protected Discovery Material by disclosing such information to an adverse party as provided in Fed. R. Evid. 502(a), the disclosure of Protected Discovery Material does not constitute a waiver in this Litigation, or in any other federal or state proceeding.

      b.  If at any time prior to trial a Producing Party discovers that it inadvertently produced or disclosed Protected Discovery Material, it shall, promptly and in writing or on the record at a deposition or court hearing, notify the Receiving Party of the inadvertent disclosure. Upon notice of a claim of inadvertent disclosure, the Receiving Party shall return, sequester, delete or destroy all copies of the Protected Discovery Material identified in the notice and,

within fourteen (14) days after receiving notice, provide a written representation to the Producing Party that all such information was returned, sequestered, deleted or destroyed. Within fourteen (14) business days after the notification that the Protected Discovery Material has been returned, sequestered, deleted or destroyed, the Producing Party shall produce a privilege log in the format agreed-upon in the Parties' Protocol for the Production of Electronic Stored Information and Documents ("ESI Protocol").  The Parties may stipulate to extend the time periods set forth in this paragraph.

      c.   Protected Discovery Material expressly referenced, attached or quoted from by any Party during the Litigation in a deposition, hearing, expert report, or court filing (a "Used Document"), shall not be eligible for clawback pursuant to Fed. R. Evid. 502(d) if the Producing Party does not clawback that Used Document within: seven (7) days of its use in a deposition or hearing; or (b) fourteen (14) days of its use in an expert report or court filing. All Parties otherwise reserve their rights under Fed. R. Evid. 502(b) with respect to the Used Document.

      d.   If a Receiving Party disputes that the withheld Protected Discovery Material is entitled to privileged or protected treatment, the Receiving Party must meet and confer with the Producing Party to discuss the disagreement within fourteen (14) business days of receipt of the Producing Party's privilege log described in section 9.b. After that meet and confer, if the parties still disagree about whether the disclosed Protected Discovery Material is entitled to privileged or protected treatment, the Receiving Party may move the Court for an Order compelling production of the documents or information. This motion shall be partially redacted or filed under seal, if necessary, and shall not assert as a ground for entering such an Order the fact or circumstances of the production.

e. The Party claiming privilege or work product protection retains the burden of establishing the privileged or protected nature of any disclosed Protected Discovery Material. Nothing in this paragraph shall limit the right of any Party or non-party to petition the Court for an *in camera* review of the withheld Protected Discovery Material.

f. Notwithstanding the other paragraphs in this Section, the Parties reserve their rights to petition the Court for a modification of this Order or other appropriate relief in the event that a Producing Party has engaged in an unreasonable use of the clawback procedure, including clawing back documents at unreasonable points in time, at an unreasonable frequency, in an unreasonable volume, or using the procedure for an improper purpose.

10. Protected Documents and Materials Used at Hearings or Trial

a. A Party seeking to use Designated Material in open court must make a good faith effort to notify the Designating Party as far in advance as reasonably possible.

b. Disputes as to the use of Confidential or Highly Confidential Discovery Material in open court shall be presented to the Court as soon as reasonably possible prior to the relevant hearing or trial.

c. In addition, no fewer than thirty (30) days before the date upon which the Parties are directed to submit a Joint Pretrial Order in this Litigation, the Parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material previously designated Confidential or Highly Confidential at trial. To the extent the Parties fail to agree on a proposal addressing the use of such Discovery Material at trial, they may submit alternative proposals to the Court for resolution.

11. Further Requests for Production

a. If, at any time, any Designated Material in the possession, custody, or control of any person or Party other than the Designating Party is subpoenaed or requested for disclosure to

any court, administrative agency, legislative body, or other person or entity, the person or Party that received the subpoena or request shall provide prompt written notice of the subpoena or request to the original Designating Party, provided doing so would not result in violation of any law or government directive. Upon receipt of such notice, the Designating Party shall be entitled to protect the designation of such information, including through the meet and confer and motion process outlined in Section 7. If the Designating Party wishes to oppose the subpoena or request for production of such material, the person or Party to whom the subpoena or request is directed shall not take any position concerning the designation and protection of the Discovery Material.

        b.   Other than the obligation to comply with the requirements in the paragraph above, this Order is not intended to affect a person's or Party's obligation to respond to such subpoena or request.

        12.   <u>Redacting Information</u>.  A Party may redact responsive documents or information only if the document or information is subject to a legally recognized claim of privilege or immunity. The Parties will meet and confer with respect to what categories of personally identifying information ("PII") may be redacted from documents.

        13. <u>Miscellaneous</u>

        a.   By this Order, no Party shall be deemed to have waived its right to assert that any particular Discovery Material should or should not be accorded Confidential or Highly Confidential treatment or should or should not be subject to attorney-client privilege, work-product, or other applicable privilege or protection.

        b.   The Parties intend that this Order shall be consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, any applicable Local Rules of the Court, and the Court's General Pretrial and Trial Procedures.

    c.   For purposes of computing any period of time under this Order, the provisions of Fed. R. Civ. P. 6 and the Local Rules shall apply.

    d.   This Order does not address, limit, or determine the relevance, discoverability, or admissibility into evidence of any documents or information.

    e.   The Parties do not waive any objections as to the production, discoverability, confidentiality, privilege, or work-product protection of any documents.

    f.   Any person or Party may challenge the confidentiality designation, privilege, or work product protection of documents that were, are, or become public knowledge independent of this Litigation.

14. <u>Duties Upon Case Termination</u>

    a.   This Order shall remain in full force and effect and each person or entity subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity. The Court shall not be divested of jurisdiction over any person or entity, or of the subject matter of this Order, under any circumstances, including the conclusion of the Litigation, filing of a notice of appeal, or other pleading which would typically have the effect of divesting the Court of jurisdiction.

    b.   Within one hundred and twenty (120) days after the conclusion of all aspects of this Litigation, including any appeals, any Receiving Party that received Designated Materials must either:

        i.   return such Discovery Materials to the Producing Party; or

        ii.   certify in writing to counsel for the Producing Party that the Receiving Party has destroyed those Discovery Materials containing such Confidential or Highly Confidential information.

c.  Notwithstanding these provisions, Receiving Parties and their counsel shall be permitted to retain a copy of court filings, papers served in connection with this Litigation, transcripts (including deposition transcripts), exhibits to such documents, and work product containing or reflecting Confidential or Highly Confidential Discovery Material, subject to the ongoing duty to maintain the confidentiality of those documents in accordance with this Order.

15. Modification of Protective Order Permitted

Any Party, for good cause, may apply to the Court for modification of this Order. The Parties may also stipulate in writing to amend this Order, subject to Court approval.

16. Application to Non-Parties and Absent Class Members

a.  Any non-party or absent class member producing Discovery Material or giving deposition testimony in this Litigation may avail themselves of the Confidential or Highly Confidential treatment provided for in this Order for testimony or Discovery Material by following the procedures provided herein.

b.  Any Party serving a subpoena for documents or testimony shall include with such subpoena a copy of this Order. All counsel in this Litigation have the obligation to inform any non-party that expresses concern or makes inquiry pertaining to issues addressed by this Order of the existence of this Order and, if requested, to provide a copy of this Order to such non-party.

c.  This Order shall be binding upon non-parties or absent class members unless they object to it in writing within ten (10) calendar days of its service upon them.

SO ORDERED.

Dated: December 9, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge