USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

*In re Morgan Stanley Data Security Litigation*

Civil Action No.
1:20-cv-05914-AT

---

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR <u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, (ECF No. 81) (the "Motion"), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiffs' Motion (the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby GRANTS the Motion and orders as follows:

1. **<u>Class Certification for Settlement Purposes Only</u>**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All Individuals with existing or closed Morgan Stanley accounts established in the United States who received the Notice Letters regarding the Data Security Incidents.
>
> Excluded from the Class are: (i) Defendant; (ii) the subsidiaries, parents, and affiliates of Defendant; (iii) any directors of the entities covered by (i) and (ii) during the Class Period and members of their immediate families; (iv) any firm, trust, corporation, or other entity in which Defendant has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded persons or entities. Also excluded from the Class are those persons and entities who timely and validly request exclusion therefrom by 60 days after the Notice date.
>
> Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3).  Specifically, the Court finds for settlement purposes that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and the Settlement Class Representatives seek similar relief as the claims of the Settlement Class Members; d) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2. **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs John and Midori Nelson, Sylvia Tillman, Mark Blythe, Vivian Yates, Cheryl and Richard Gamen, Amresh Jaijee, Richard Mausner, Desiree Shapouri, and Howard Katz will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Representatives. Additionally, the Court finds that Jean S. Martin of Morgan & Morgan Complex Litigation Group and Linda P. Nussbaum of Nussbaum Law Group, P.C. will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on **June 8, 2022**, at **11:00 a.m.**, via teleconference. Interested parties are directed to dial 888-398-2342 or 215-861-0674, and enter access code 5598827. The hearing will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Settlement Class Representatives for a Service Award should be approved.

6. **Claims Administrator**. The Court appoints Epiq Class Action & Claims Solutions, Inc., as the Claims Administrator, with responsibility for class notice and claims administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed Notice Plan set forth in the Settlement Agreement as Exhibit 4 and the Notices and Claim Form attached to the Settlement Agreement as Exhibits 5-6 are hereby approved. Non-material modifications to these Exhibits may be made with approval by the parties but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice Plan and the Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within 10 days after the filing of the motion to

permit issuance of notice, Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written opt-out Exclusion Request to the Claims Administrator at the address and in the manner provided in the Notice. Such opt-out Exclusion Requests must meet the Opt-Out Deadline established by this Order and stated in the Notice.

An opt-out Exclusion Request must state that the Settlement Class Member wants to be excluded from the Settlement in *In re Morgan Stanley Data Security Litigation,* 1:20-cv-05914-AT (S.D.N.Y) and must include the Class Member's name, address, and signature. An Opt-Out Exclusion Request that does not include the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not received within the specified time shall be invalid and the Settlement Class Member serving such a request shall, if the Final Judgment and Order of Dismissal is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

The Claims Administrator shall forward a list of all Exclusion Requests to Settlement Class Counsel and to Morgan Stanley's Counsel within at least 10 days of the Opt-Out Deadline.

If the Final Judgment and Order of Dismissal is entered, any Settlement Class Member who has not submitted a timely, valid written Opt-Out Exclusion Request from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment and Order of Dismissal. Settlement Class Members who submit valid and timely Opt-Out Exclusion Requests shall not be entitled to receive any benefits from the Settlement.

11. **<u>Objections and Appearances</u>**. Any Settlement Class Member may object to the Settlement, Settlement Class Counsel's request for Attorneys' Fees, Costs, and Expenses, or the request for the Service Award payment to the Settlement Class Representatives; provided, however, that no Settlement Class Member shall be heard or entitled to contest such matters, unless the objection is written and filed with the Clerk of the Court at the address provided in the Notice and a copy of the objection is mailed to Settlement Class Counsel and Counsel for Morgan Stanley postmarked by no later than the Objection Deadline set out below. For the objection to be considered by the Court, the objection must be in writing and must include: (i) the objector's name, address, telephone number, and personal signature; (ii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iii) a statement indicating the basis for the objector's belief that he or she is a member of the Settlement Class (to the extent the objector did not receive Class Notice); (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; and, (v) a statement whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and if through counsel, identifying counsel by name, address, and telephone number.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment and Order of Dismissal if entered.

12. **<u>Claims Process</u>**.  The Settlement Agreement contemplates the establishment of a Settlement Fund and a claims process. Morgan Stanley will pay $60,000,000 to create the

Settlement Fund that will be used to pay claims as determined by the Claims Administrator, pay Settlement Class Counsel's Attorneys' Fees, Costs, and Expenses as awarded by the Court, and pay the Service Awards awarded to the Settlement Class Representatives by the Court.

Settlement Class Counsel and Morgan Stanley have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Judgment and Order of Dismissal is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Judgment and Order of Dismissal, including the release.

13.     **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (a) the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (b) there is no Effective Date. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14. **Use of Order**. This Order shall be of no force or effect if the Final Judgment and Order of Dismissal is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Morgan Stanley of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this Litigation or in any other lawsuit.

15. **Settlement Fund**. A Settlement Fund shall be established and funded in accordance with the terms of the Settlement Agreement.

16. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

17. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Timing |
|---|---|
| **Morgan Stanley Provides CAFA Notice required by 28 U.S.C. § 1715(b)** | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement |
| **Morgan Stanley Provides Notice to Class Counsel and the Court of Compliance with CAFA Requirements** | Within 10 days of providing notice to Attorneys General under CAFA |
| **Class Notice Program Commences** | Within 45 days after entry of this Preliminary Approval Order |

| Event | Timing |
|---|---|
| **Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d)** | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| **Motion for Attorney's Fees, Reimbursement of Costs and Expenses, and Service Awards to be Filed by Class Counsel** | At Least 21 days before the Objection Deadline |
| **Postmark Deadline for requests for Exclusion (Opt-Out) or Objections** | 60 days after Commencement of Notice Program |
| **Postmark/Filing Deadline for Filing Claims** | 90 days after Commencement of Notice Program |
| **Motion for Final Approval to be Filed by Class Counsel** | At Least 14 days before the Final Approval Hearing |
| **Final Approval Hearing** | No earlier than 75 days after Commencement of Notice Program |

SO ORDERED.

Dated: January 18, 2022
     New York, New York

_____
ANALISA TORRES
United States District Judge