UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Morgan Stanley Data Security Litigation* | Civil Action No. <br><br> 1:20-cv-05914-AT |

**OBJECTION TO ATTORNEYS' FEES**

After electronically serving my objection on ECF the Settlement Administrator finally posted the fee motion on the website. One week tardy.

Since there is an indisputable intra-class conflict and inadequate representation, no attorneys' fees should be awarded.[1]

Putting aside inadequacy of representation, if the Court follows the percentage of fund method, Class counsel's fee should be calculated based on the amount recovered by the class or value to the class, rather than the total amount recoverable. See *Redman v. Radioshack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014) ("The ratio that is relevant to assessing the reasonableness of

---

[1] Alternatively, the Court may wish to consider an award based on *quantum meruit* or lodestar. In assessing the award, the factors the Court may consider, include, *inter alia,* "the difficulty of the matter, the nature and extent of the services rendered, the time reasonably expended on those services, the quality of performance by counsel, the qualifications of counsel, the amount at issue, and the results obtained (to the extent known)." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 148 (2d Cir. 1998). "The doctrine of quantum meruit allows a service provider to recover the fair and reasonable value of services performed. It is a device used to prevent unjust enrichment of one party at the expense of another in the absence of a valid contract." *Brooks v. Cohen, Jayson & Foster, P.A.*, No. 08 CIV 4462 DAB, 2010 U.S. Dist. LEXIS 89597, 2010 WL 3528919, at *3 (S.D.N.Y. Aug. 26, 2010) (internal citations omitted). It is likely I would endorse a modest award at lodestar with no multiplier.

the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received."); *Patterson v. Premier Constr. Co.*, 2017 U.S. Dist. LEXIS 4845 (assessment of attorneys' fees must be based on value to the class).  Here, Class counsel fails to adequately assess value to the class.  To the extent an assessment is possible from the limited showing, Class counsel should not profit from costs and administrative expenses.

The Ninth Circuit has concluded "the choice of whether to base an attorneys' fee award on either net or gross recovery should not make a difference so long as the end result is reasonable."  *Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 953 (9th Cir. 2015) (quoting *Staton*, 327 F.3d at 974).  Here, not factoring costs leads to an unreasonable result. *Online DVD-Rental Antitrust Litig.*, *supra*, is distinguishable because the fee award there was at benchmark.

As to a procedural matter, note the early pay provision in the Settlement Agreement.[2] Rule 23 and due process requires full disclosure of all fee agreements.

Where, like here, Class counsel are entering an undertaking with Defendant which could result in subsequent disqualification or conflict, the class must receive full disclosure.  The entire agreement must be independently assessed for fairness now, not later.

The settling parties erred. They should have made full disclosure of the entire agreement. The undertaking should have been included as an exhibit to the Settlement Agreement. Class members should have received notice and opportunity to review and

---

[2] I *favor* early pay provisions because when combined with Rule 23(e) it renders *ad hominem* attacks on so-called "*professional objectors*" stale.

comment. See, *e.g.*, California Rules of Court, Rule 3.769 (b): "Any agreement, express or implied, that has been entered into with respect to the payment of attorney's fees or the submission of an application for the approval of attorney's fees must be set forth in full in any application for approval of the dismissal or settlement of an action that has been certified as a class action."

***I request the Court require public disclosure of the entire written agreement on the docket***.

The Settlement Agreement cryptically states:

> The Settlement Administrator awarded by the Court to Class Counsel from the Settlement Amount. Such fees and costs shall be paid in the amount approved by the Court five (5) Business Days after Defendant gives the Settlement Administrator written notice (with a copy to Plaintiffs) that the Effective Date has paid after entry of the Final Approval Order and Judgment and before the Effective by Defendant, such approval not to be unreasonably withheld, pursuant to which Class Counsel agree to be jointly and severally obligated to repay the attorneys' fees and costs, plus interest at the rate earned by the Settlement Amount, to Defendant if the Effective Date does not occur. Such agreement shall provide that repayment shall be made within ten (10) Business Days of Class Counsel receiving written notice that Defendant is terminating the Settlement Agreement because the Effective Date has not occurred. Each firm and its partners and/or shareholders are subject to the authority of this Court for the purpose of enforcing the provisions of such agreement.

Settlement Agreement, ¶ 12.2

¶ 12.2 makes no sense because the proposed undertaking is backwards and with the wrong parties. The undertaking should be to the Class, not Defendant. Any repaid money returns to the common fund, not Defendant. The Class is liable for the fund, not its counsel.

If, for example, attorneys' fees are reduced or struck, Class counsel owe repayment, not to Defendant, but to the Class. It is the Class that must be paid interest, not Defendant. Under the early pay provision here, Class counsel shields themselves from appellate review. They get to keep the money, even if they lose.

Respectfully submitted on April 20, 2022,

*steven helfand*
_____

STEVEN FRANKLYN HELFAND
410 Southeast 16th Court, Apartment 730
Fort Lauderdale, Florida 33316
786-676-1018
Steven.Helfand1400@outlook.com

## **PROOF OF SERVICE**

This document was distributed electronically to the following persons on April 20, 2022.

NUSSBAUM LAW GROUP, P.C. Linda P. Nussbaum 1211 Avenue of the Americas, 40th Floor New York, NY 10036

lnussbaum@nussbaumpc.com

MORGAN & MORGAN Jean Martin 201 N. Franklin St. 6th Floor Tampa, FL 33602

jeanmartin@forthepeople.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP Susanna M. Buergel, Esq. 1285 Avenue of the Americas New York, New York 10019

sbuergel@paulweiss.com

2001 K Street NW Washington, DC 20006

jobrien@paulweiss.com

Stephanie Fiereck, Esq. Epiq | Hilsoft Notifications | Legal Notice Manager

Email: sfie@epiqglobal.com

*steven helfand*
_____
STEVEN FRANKLYN HELFAND
410 Southeast 16th Court, Apartment 730
Fort Lauderdale, Florida 33316
786-676-1018
Steven.Helfand1400@outlook.com