IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Morgan Stanley Data Security Litigation* | Civil Action No. 1:20-cv-5914 (PAE) |

### DECLARATION OF HON. DIANE M. WELSH (RET.) OF JAMS IN SUPPORT OF FINAL APPROVAL OF CLASS SETTLEMENT

I, Diane M. Welsh, hereby declare as follows:

1. I submit this Declaration in my capacity as the mediator of the proposed class settlement in this matter.

2. Over the past 28 years, first as a United States Magistrate Judge in the Eastern District of Pennsylvania, and then as a JAMS neutral, I have successfully resolved over 5,000 matters, many of them complex class actions including data breach matters. I have also served as a special master in complex class actions and multi district litigations.

3. As the mediator, and the author of the mediator's proposal that ultimately led to the proposed settlement, I am competent to testify to the matters set forth in this Declaration.

4. I have been asked to provide this declaration in support of final approval of the proposed class action settlement that was reached when the parties accepted my mediator's proposal that resulted from three all-day in person mediation sessions and several telephonic sessions over a period of six months as well as my review of comprehensive factual and legal written memoranda and oral presentations by the parties and their experts.

5.      This case was actively litigated. Plaintiffs developed a detailed factual record, taking discovery not only from Morgan Stanley, but also from over a dozen third parties. The discovery conducted and the information exchanged allowed the parties to be well informed of the strengths and weaknesses of their positions going into mediation.

6.      The negotiations between the parties were quite extensive, hard fought, conducted at arm's length, and at all times in good faith. In addition, the parties exchanged extensive mediation briefs, thorough legal memoranda on specific issues that arose as a result of discussions in the mediation sessions, and in person and written expert presentations.

7.      The mediator's proposal that I made on October 17, 2021, which was accepted by both sides, is in no way cookie cutter, and in fact is as novel as the facts and legal issues presented by this case. The settlement amount and settlement structure reflect the hard-fought negotiations and demands by the parties over a period of six months.

8.      The settlement includes a common non-reversionary fund of $60 million dollars, that will be used to provide reimbursement to class members for out-of-pocket expenses and lost time and to provide at least 2 years of Aura Financial Shield to all class members. In addition to the common fund, the settlement includes Morgan Stanley's agreement to implement various injunctive measures aimed at strengthening its data security environment and Morgan Stanley's agreement to separately pay all costs for class notice and settlement administration which I understand are presently over $8.2 million. A unique and integral component of the settlement is Morgan Stanley's agreement to retain Kroll, an international security investigation firm to continue efforts to trace and recover missing devices for a period of a year using a protocol developed in conjunction with plaintiff's counsel.

9. The Financial Shield product was introduced into the discussions by Plaintiffs' counsel and was accepted by Morgan Stanley as providing as a benefit to class members a monitoring service that was not duplicative of the credit monitoring previously offered by Morgan Stanley.

10. This settlement was achieved despite the fact that the complaint had not yet been sustained in that Defendants had moved to dismiss with prejudice on multiple grounds, including Article III standing, which was a very significant issue as in this unusual case there was no hacker and no evidence of criminal activity to access class members' personal information.

11. I believe that the proposed settlement more than adequately reflects the risks and potential rewards of the claims being settled. Although the Court will need to make its own determination as to the proposed settlement's fairness under Fed. R. Civ. P. 23(e)(2), I can say that, from an experienced mediator's perspective, the negotiated settlement produced by the mediation process represents a thorough, deliberative, and comprehensive resolution that will benefit class members through meaningful relief. The settlement is novel, creative, and in fact, reflects a hard-fought compromise to provide class members with very meaningful relief.

12. With respect to the fee request, I can attest, based upon my observations of the diligence and work product produced by counsel, that the lawyering in this case was of the highest caliber and that plaintiff and defense counsel left no stone unturned, and no argument unmade, in the representation of their respective clients.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to be best of my knowledge.

Executed on June 21, 2022.

/s/ Diane M. Welsh
Hon. Diane M. Welsh (Ret).