UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Morgan Stanley Data Security Litigation* | Civil Action No. 1:20-cv-05914-PAE |

[PROPOSED]
### FINAL APPROVAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, Plaintiffs John and Midori Nelson, Sylvia Tillman, Mark Blythe, Vivian Yates, Cheryl and Richard Gamen, Amresh Jaijee, Richard Mausner, Desiree Shapouri, and Howard Katz (collectively, "Plaintiffs"), on behalf of themselves and all other Settlement Class Members, and Defendant Morgan Stanley Smith Barney, LLC ("Defendant" and together with Plaintiffs, the "Parties"), have determined to settle all claims asserted against Defendant and its predecessors, successors, assigns, subsidiaries, and affiliates, in this Action with prejudice on the terms and conditions set forth in the Settlement Agreement and Release dated December 31, 2021 (ECF No. 81-2) (the "Settlement Agreement"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Final Approval Order and Judgment ("Final Judgment"), the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated January 18, 2022 (ECF No. 82) (the "Preliminary Approval Order"), Judge Analisa Torres: (i) preliminarily approved the Settlement; (ii) ordered the notice of the proposed Settlement be provided to the Settlement Class; (iii) provided Settlement Class Members with the opportunity to object to the proposed Settlement; (iv) provided Settlement Class

Members with the opportunity to exclude themselves from the Settlement Class; and (v) scheduled a hearing regarding final approval of the Settlement, as modified by subsequent Stipulation and Order regarding Scheduling dated April 28, 2022 entered by this Court (ECF No. 110);

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on August 5, 2022 (the "Fairness Hearing" to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (iii) whether a judgment should be entered dismissing the Action with prejudice against Defendant; and

WHEREAS, the Court having considered all papers filed and proceedings held herein in connection with the Settlement, and all oral and written comments received regarding the Settlement and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that:

1. **Jurisdiction.** This Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331 to enter this Final Judgment and has personal jurisdiction over Plaintiffs, all Settlement Class Members, and Defendant (in this Action only and for purposes of this Settlement only).

2. **Class Action Fairness Notice.** The Court finds that Defendant has complied with the obligations imposed on it under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and its notice provisions have been satisfied. *See* ECF No. 83.

3. **Class Certification for Settlement Purposes.** The requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, and based on the record before the Court,

2

the Court hereby finally certifies, for the purposes of settlement of the Released Claims set forth in the Settlement Agreement, the following Settlement Class:

> All Individuals with existing or closed Morgan Stanley accounts established in the United States who received the Notice Letters regarding the Data Security Incidents.
>
> Excluded from the Class are: (i) Defendant; (ii) the subsidiaries, parents, and affiliates of Defendant; (iii) any directors of the entities covered by (i) and (ii) during the Class Period and members of their immediate families; (iv) any firm, trust, corporation, or other entity in which Defendant has or had a controlling interest; and (v) the legal representatives, heirs, successors, and assigns of any such excluded persons or entities. Also excluded from the Class are those persons and entities who timely and validly request exclusion therefrom by 60 days after the Notice date.

4.  In so holding, the Court finds that the Settlement Class meets all of the applicable requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, solely for settlement purposes. The Court hereby finds, in the specific context of this Settlement that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (b) common questions of law and fact exist with regard to Defendant's alleged data breach, FED. R. CIV. P. 23(a)(2); (c) Plaintiffs' claims in this litigation are typical of those of the Settlement Class Members, FED. R. CIV. P. 23(a)(3); and (d) Plaintiffs' interests do not conflict with, and are co-extensive with, those of the absent Settlement Class Members, all of whose claims arise from the identical factual predicate, and Plaintiffs and Class Counsel have adequately represented the interests of all Settlement Class Members, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

5.   Pursuant to FED. R. CIV. P. 23(g), Linda P. Nussbaum of Nussbaum Law Group, P.C. and Jean S. Martin of Morgan & Morgan are certified as Class Counsel for the Settlement Class.

6.   Plaintiffs are certified as Settlement Class Representatives on behalf of the Settlement Class.

7.   **Settlement Notice.** The Court finds that the emailed and mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and Judge Analisa Torres' Preliminary Approval Order: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Claims Process, and of Class Counsel's application for an award of attorneys' fees, for reimbursement of expenses associated with the Action, and any Service Award; (d) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; (e) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (f) met all applicable requirements of Rule 23 of the Federal Rule of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable rules or law.

8.   **Response of the Class Members.** The Court finds that 300 Class Members have validly requested to be excluded from the Settlement Class. Those excluded Class Members are identified at ECF No. 154 .

4

9. The Court finds that 43 timely objections to the proposed Settlement have been submitted. Notwithstanding the objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement. The Court finds all objections are without merit and they are hereby overruled.

10. **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including the Settlement Class Representatives. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement treats Class Members equitably relative to each other. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

11. It is hereby determined that the Settlement Class Representatives and all Settlement Class Members who did not timely and validly request exclusion from the Settlement Class are bound by the Settlement Agreement and this Final Judgment, and the Action and the Released Claims, including without limitation Unknown Claims, as provided under the Settlement

Agreement, are hereby dismissed with prejudice and released. The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

12. Separate orders shall be entered regarding Class Counsel's Fee and Expense Application and Settlement Class Representatives' service awards. Such orders shall in no way affect or delay the finality of this Final Judgment and shall not affect or delay the Effective Date of the Settlement.

13. **Releases**. By operation of this Final Judgment, as of the Effective Date, the Releases set forth in Section 13 of the Settlement Agreement shall be given full effect. Paragraph 1.37 of the Settlement Agreement shall be deemed to reference Cal. Civ. Code § 1542.

14. The Court expressly incorporates in this Final Judgment the Settlement Agreement and all exhibits thereto in full. The Settlement Agreement, as clarified by paragraph 13 above, shall have the full force of an Order of this Court.

15. **Binding Effect.** The terms of the Settlement Agreement and of this Final Judgment shall be forever binding on Defendant, Settlement Class Representatives, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such.

16. The Court declares that the Settlement Agreement and the Final Judgment shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings involving the Released Claims that are maintained by or on behalf of any Settlement Class Member, whether or not they object to the Settlement and whether or not they make a claim for payment from the Net Settlement Amount, regardless of whether the Settlement

Class Member previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Settlement Class Member never received actual notice of the Action or this proposed Settlement.

17. The Court permanently bars and enjoins the Settlement Class Representatives and all Settlement Class Members from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on the Released Claims.

18. **No Admission**. Neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Defendant in connection with settlement discussions, and discussions associated with them, nor the Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Defendant or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement

(nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Defendant in connection with settlement discussions, and discussions associated with them, nor the Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense.

19.    **Modification of the Settlement Agreement**. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Judgment; and (ii) do not limit the rights of Settlement Class Members.

20.    **Rule 11 Finding**. The Court finds that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other. Any data or other information provided by Settlement Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Settlement Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

21.    **Termination of Settlement**. Notwithstanding the entry of this Final Judgment, if the Settlement Agreement is validly terminated by Plaintiffs or Defendant, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become Final, then the provisions of this Final Judgment dismissing Plaintiffs' claims shall be null and void with

respect to such Settlement; Plaintiffs' claims shall be reinstated; Defendant's defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

22. **Claims Administration Process**. The Court hereby confirms the appointment of Epiq Class Action & Claims Solutions, Inc. as Settlement Administrator. The Settlement Administrator shall administer the claims administration process, including the calculation of claims submitted by Settlement Class Members and distribution of the Net Settlement Fund to Authorized Claimants, pursuant to the Court-approved Claims Process. All Settlement Class Members shall submit a Proof of Claim and Release ("Claim") under penalty of perjury by August 11, 2022, the date set forth in the Notice of Proposed Class Action Settlement, Fairness Hearing thereon, and Class Members' Rights ("Notice") sent to Settlement Class Members. Class Counsel may, in their discretion, accept for processing late-submitted Claims so long as the distribution of the Net Settlement Amount is not materially delayed.

23. If a Claim is deficient, the Settlement Administrator shall send the Settlement Class Member a deficiency letter which will give the Class Member at least twenty (20) days to cure the

deficiency. If the Settlement Class Member fails to cure the deficiency within the specified period, the Settlement Administrator shall send the Settlement Class Member a letter notifying the Settlement Class Member that the Claim has been rejected. The rejection letter will advise the Settlement Class Member of the reason(s) for the rejection of the Claim and his, her, or its right to review the determination of the Claim. If the Claim is still rejected, the Settlement Class Member shall then be allowed to move this Court for review no later than seven (7) days after Class Counsel submits an application for the distribution of the Net Settlement Amount to eligible claimants.

24. **Retention of Jurisdiction**. Without affecting the finality of the Final Judgment for purposes of appeal, the Court hereby retains continuing jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Judgment. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Judgment, and to consider or approve the amounts of distributions to Settlement Class Members. In addition, without affecting the finality of this Final Judgment, Plaintiffs, Defendant, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Judgment or the Settlement Agreement. Any disputes involving Plaintiffs, Defendant, or Settlement Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

25. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Judgment as a final judgment of this Action. Accordingly, the Clerk of the Court is expressly

10

directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to immediately enter this final judgment in this Action.

**IT IS SO ORDERED.**

Signed this 5th day of August, 2022.

*Paul A. Engelmayer*
The Honorable Paul A. Engelmayer
United States District Judge