IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Morgan Stanley Data Security Litigation* | Civil Action No. 1:20-cv-05914-PAE |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR IMPOSITION OF AN APPEAL BOND

The Court having considered Plaintiffs' Motion for Appeal Bond and the arguments of the Plaintiffs and Objector/Appellant Steven Helfand, and pursuant to this Court's authority under Fed. R. App. P. 7 and 8, the Court hereby **GRANTS** the Motion.

The Court finds that Plaintiffs are harmed and prejudiced by the appeal lodged by Objector/Appellant Steven Helfand. Under the terms of the Settlement, no part of the $60 million cash benefits, the Aura Financial Shield coverage, or the investigative and recovery efforts by Kroll will be provided to class members until the appeal is resolved.

Federal Rule of Appellate Procedure 7 provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The Court has the discretion to determine the appropriate amount of the bond. *See In re Ins. Brokerage Antitrust Litig.*, No. 04-5184 (GEB), 2007 U.S. Dist. LEXIS 47659, at *40 (D.N.J. June 29, 2007) ("'[A] district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal.'") (quoting *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998), *cert. denied*, 525 U.S. 875 (1998)).

The purpose of an appeal bond is to protect an appellee against the risk of nonpayment by an unsuccessful appellant. *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998); *In re Ins. Brokerage Antitrust Litig.*, 2007 WL 1963063, at *2 (D.N.J. July 2, 2007) ("The purpose of an appellate cost bond is 'to protect the rights of appellees.'") (citation omitted).

When determining if a bond is appropriate, courts consider several factors, including: (1) the appellant's financial ability to post a bond; (2) the merits of the appeal; (3) whether the appellant has shown any bad faith or vexatious conduct; and (4) the risk that the appellant will not pay the costs if the appeal is unsuccessful. *See, e.g., In re Gen. Elec. Co. Sec. Litig.*, 998 F. Supp. 2d 145, 153 (S.D.N.Y. 2014); *Blessing v. Sirius XM Radio Inc.*, No. 09-CV-10035-HB, 2011 WL 5873383, at *2 (S.D.N.Y. Nov. 22, 2011). Each of these factors supports requiring Mr. Helfand to post a bond in this case.

Plaintiffs have requested a modest bond of $25,000 to secure the costs of appeal. The amount of the requested bond is reasonable and appropriate under the facts presented here.

AND NOW, this 28th day of September, 2022, the Court hereby GRANTS Plaintiffs' Motion for Imposition of an Appeal Bond in the amount of $25,000;

Pursuant to Fed. R. App. P. 7 and 8, Objector/Appellant Steven Helfand, as a condition of proceeding with his appeal, SHALL file a bond in the amount of $25,000 or deposit into the Court registry cash in the amount of $25,000; and,

Objector/Appellant Steven Helfand SHALL file with the Clerk of Court and serve on Settlement Class Counsel and counsel for Defendant Morgan Stanley proof of satisfaction of the bond requirement within 20 days of this Order.

IT IS SO ORDERED.

BY THE COURT:

*Paul A. Engelmayer*

Hon. Paul A. Engelmayer
UNITED STATES DISTRICT JUDGE