**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re Morgan Stanley Data Security Litigation* | Civil Action No. 1:20-cv-05914-PAE |

**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFFS' MOTION FOR CONTEMPT**

Jean S. Martin (admitted pro hac vice)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
jmartin@ForThePeople.com

Linda P. Nussbaum
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Fl.
New York, NY 10036
Tel: (917) 438-9189
lnussbaum@nussbaumpc.com

*Settlement Class Counsel*

# TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................. 1

II.     RELEVANT BACKGROUND ............................................................................. 1

III.    ARGUMENT........................................................................................................ 2

        A.      Legal Standard ......................................................................................... 3

        B.      Mr. Helfand is in Contempt of the Court's Order ................................... 4

        C.      The Court Should Impose Sanctions on Mr. Helfand............................. 5

IV.     CONCLUSION.................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Cases**

*Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203 (S.D.N.Y. 2020).. 3, 7

*CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91 (2d Cir. 2016)..................................... 3

*EEOC v. Local 638, Local 28 of Sheet Metal Workers' Int'l Ass'n*, 753 F.2d 1172
    (2d Cir. 1985).......................................................................................................................... 3

*Experience Hendrix, LLC v. Hendrix*, No. 17-CV-1927-PAE-GWG, 2021 WL 82269 (S.D.N.Y.
    Jan. 11, 2021) ........................................................................................................................ 3

*Gucci Am. v. Bank of China*, 768 F.3d 122 (2d Cir. 2014)............................................................ 5

*Helfand v. TikTok, Inc*, Case No 22-2682 (7th Circ.) .................................................................. 8

*In re American Investors Life Ins. Co. Annuity Marketing and Sales Practice Litigation*, 695
    F.Supp. 2d 157 (E.D. Pa. 2010) ............................................................................................ 5

*In re Cardizem CD Antitrust Litigation*, 391 F.3d 812 (6th Cir. 2004)........................................ 4

*In re Magsafe Apple Power Adapter Litigation*, 571 Fed.Appx. 560 (9th Cir. 2014)................ 4, 5

*In re Petrobras Sec. Litig.*, 363 F. Supp. 3d 426 (S.D.N.Y. 2019)................................................ 8

*In Re: TikTok, Inc. Consumer Privacy Litigation*, No. 20cv04699 (N.D. Ill.) .............................. 8

*Leadsinger, Inc. v. Cole*, No. 05-CV-5606 (HBP), 2006 WL 2266312 (S.D.N.Y. Aug. 4, 2006). 6

*Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1 (2d Cir. 1989)..................... 4, 6

*N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339 (2d Cir. 1989) ..................................... 3

*Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645
    (2d Cir. 2004) ........................................................................................................................ 3

*Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53 (2d Cir.) (1982) ................................ 5

*Powers v. Citizens Union Nat'l Bank and Trust Co.*, 329 F.2d 507 (6th Cir.1964)....................... 4

*Shillitani v. United States*, 384 U.S. 370 (1966) ......................................................................... 5

*Telanor Mobile Commc'ns AS v. Storm LLC*, 587 F. Supp. 2d 594 (S.D.N.Y. 2008) ................... 3

*Triestman v. Fed. Bureau of Prisons, 470 F.3d 471 (2d Cir. 2006)*…………………………  ….6

*Trustees of Conn. Pipe Trades Local 777 Health Fund v. Plumbing Creations, LLC*,
No. 3:15-cv-00822 (MPS), 2019 WL 3051293 (D. Conn. July 11, 2019) ........................... 6, 7

*Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126 (2d Cir. 1979) ...................................... 4

## **Statutes**

18 U.S.C. § 401(3) ..................................................................................................................... 3

## I.     __INTRODUCTION__

Plaintiffs move to hold Objector Steven Helfand in contempt of this Court's September 28, 2022 Order ("Order"). (ECF No. 174). As a condition of proceeding with Mr. Helfand's appeal of final approval of the class action Settlement, the Order directed Mr. Helfand to post a bond in the amount of $25,000 or deposit into the Court registry cash in the amount of $25,000. The Order further required Mr. Helfand to file with the Clerk of Court and serve on Settlement Class Counsel and counsel for Defendant Morgan Stanley proof of satisfaction of the bond requirement within 20 days of the Order. The time for compliance has passed and proof of satisfaction of the bond requirement has not been filed or served. Given Mr. Helfand's contempt of this Court's Order, Plaintiffs request that this Court impose sanctions in the amount of $50,000.[1]

## II.     __RELEVANT BACKGROUND__

On August 5, 2022, the Court held a final approval hearing on the proposed class action Settlement. The Settlement resolves claims arising from Plaintiffs' allegations that in 2016 and 2019, Morgan Stanley failed to properly dispose of retired IT assets containing personally identifiable information of over 15 million of its current and former clients. During the final approval hearing, the Court entertained oral argument from counsel and objectors, including Mr. Helfand.  The Court issued its order finally approving the Settlement and granting in part Plaintiffs' motion for fees the same day. In its order, the Court determined the Settlement "meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class, including the Settlement Class Representatives." (ECF No. 156 at ¶ 10).

Mr. Helfand filed a Notice of Appeal on August 17, 2022. (ECF No. 159).  On September

---

[1] Should Mr. Helfand voluntarily dismiss his appeal, Plaintiffs acknowledge that this motion for sanctions would be moot, as will the relief requested herein.

2, 2022, Plaintiffs filed a motion requesting the Court issue an order requiring Mr. Helfand to post an appeal bond in the amount of $25,000 as a condition of his appeal. (ECF No. 162). In their motion, Plaintiffs explained that Mr. Helfand, a former attorney who was disbarred because of conduct related to class action settlement objections, harms and prejudices Plaintiffs and Class Members by his meritless appeal. In its Order "the Court finds that Plaintiffs are harmed and prejudiced by the appeal … and that no part of the $60 million cash benefits, the Aura Financial Shield coverage, or the investigation and recovery efforts by Kroll will be provided to class members until the appeal is resolved."

The Court further found that the "modest bond" request is both "reasonable and appropriate under the facts[.]" (ECF No. 174). Pursuant to Federal Rules of Appellate Procedure 7 and 8, the Court ordered Mr. Helfand to post a bond in the amount of $25,000 or deposit into the Court registry cash in the amount of $25,000.

On October 14, 2022, Mr. Helfand filed a Notice of Appeal of the Court's Order on the motion for the appeal bond. (ECF No. 175). Mr. Helfand did not file a motion to stay the litigation pending his appeal of the Order, nor did he request other relief from the Court that would relieve him of his obligation to comply with the Order. The time for compliance passed on October 18, 2022.

## III.  <u>ARGUMENT</u>

Mr. Helfand failed to comply with the Court's September 28, 2022 Order requiring him to post a bond in the amount of $25,000 or deposit into the Court registry cash in the amount of $25,000.  His failure constitutes contempt of court and should be appropriately sanctioned.

### A. Legal Standard

Federal courts have inherent authority to enforce compliance with their orders and to punish for contempt any person who violates its orders. *See* 18 U.S.C. § 401(3); *see also Experience Hendrix, LLC v. Hendrix*, No. 17-CV-1927-PAE-GWG, 2021 WL 82269, at *2 (S.D.N.Y. Jan. 11, 2021).  "Civil contempt sanctions may serve either or both of two purposes: They may be coercive, to secure compliance with court orders, or they may be compensatory, to make whole the party who has been wronged." *Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 207 (S.D.N.Y. 2020); *see also EEOC v. Local 638, Local 28 of Sheet Metal Workers' Int'l Ass'n*, 753 F.2d 1172, 1183 (2d Cir. 1985) (contempt sanctions serve "to coerce future compliance and to remedy past noncompliance"). Civil contempt differs from criminal contempt in that criminal sanctions are punitive in nature, while civil sanctions are not. *See Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004) ("Criminal contempt is typically imposed to punish the violation and vindicate the court's authority." (quotations omitted)).

A court may hold a party in civil contempt for failure to comply with a court order if "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016); *see also Al Hirschfeld Found*, 438 F. Supp. 3d at 207; *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351–52 (2d Cir. 1989) (holding defendants in contempt where this test was satisfied); *Telanor Mobile Commc'ns AS v. Storm LLC*, 587 F. Supp. 2d 594, 615–17 (S.D.N.Y. 2008), *aff'd*, 351 F. App'x 467 (2d Cir. 2009) (same and rejecting inability to comply defense).

The Court does not need to find that the party's violation of the order was willful. *Paramedics Electromedicina Comercial, Ltda.*, 369 F.3d at 655; *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 5 (2d Cir. 1989). Further, "[t]he fact that the prohibited act was done inadvertently or in good faith ... does not preclude a citation for civil contempt, for the sanction is remedial in nature." *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 128 n.2 (2d Cir. 1979).

### B. Mr. Helfand is in Contempt of the Court's Order

Mr. Helfand violated the Court's Order by failing to post a bond or deposit cash into the Court registry in the amount of $25,000 by October 18, 2022 (20 days from the Court's Order). The Court's Order was neither unclear nor ambiguous. Mr. Helfand did not file with the Clerk of Court, nor serve on Settlement Class Counsel and counsel for Defendant Morgan Stanley, any proof of satisfaction of the bond requirement. Nor did Mr. Helfand dismiss his appeal. Simply put, Mr. Helfand disobeyed this Court's Order.

Plaintiffs anticipate that Mr. Helfand may attempt to argue that he did not believe he had an obligation to comply with the Court's Order because he filed a Notice of Appeal of the Order on October 14, 2022. Mr. Helfand is wrong. As discussed above, a wrongly held belief does not excuse noncompliance. "A litigant cannot ignore an order setting an appeal bond without consequences to [his] appeal." *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812, 818 (6th Cir. 2004) (dismissing plaintiff's appeal of district court bond imposition after finding plaintiff failed to either comply with the district court's order to post the bond or request reconsideration of the amount by coming forward with evidence of hardship or impossibility); *see also Powers v. Citizens Union Nat'l Bank and Trust Co.*, 329 F.2d 507, 508 (6th Cir.1964) ( "[a]lthough failure to execute a bond for costs on appeal has been generally considered as not being jurisdictional ... failure to

execute such a bond unless exempted by law, is grounds for dismissal of the appeal."); *In re Magsafe Apple Power Adapter Litigation*, 571 Fed.Appx. 560, 563 (9th Cir. 2014) ("The district court did not abuse its discretion in deciding to hold Gaudet in contempt for failing to comply with the appeal bond order.").[2] Mr. Helfand never attempted to move for a stay, nor did he object to the entirety of the bond amount. As such, Mr. Helfand is in contempt of this Court's Order.

### C. The Court Should Impose Sanctions on Mr. Helfand

Civil contempt is a failure to obey a court order issued for another party's benefit and such sanctions are coercive or remedial in nature. *See Shillitani v. United States*, 384 U.S. 364, 370, (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."). A civil contempt sanction may serve either to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance. *See Perfect Fit Indus., Inc. v. Acme Quilting Co*., 673 F.2d 53, 56 (2d Cir.), cert. denied, 459 U.S. 832, 103 (1982); *see also In re American Investors Life Ins. Co. Annuity Marketing and Sales Practice Litigation*, 695 F.Supp. 2d 157, 163 (E.D. Pa. 2010) (ordering appellant to post a cost bond, pursuant to the Court's final order and Federal Rule of Appellate Procedure 7 and acknowledging if appellant fails to post such a bond, the plaintiffs may move for sanctions at that time). In determining an appropriate sanction, the court must ensure that the civil contempt sanction is compensatory and not "punitive." *Gucci Am. v. Bank of China*, 768 F.3d 122, 144 (2d Cir. 2014); *see also In re Magsafe Apple Power*

---

[2] To the extent Mr. Helfand requests excusal from the Court's clear Order on the basis that he is a *pro se* litigant, Mr. Helfand has reminded this Court that he is "no ordinary pro se litigant" having "practiced law for 20 years." (ECF No. 168 fn. 1). *See also*, *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (a litigant's *"pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.").

*Adapter Litigation*, 571 Fed.Appx. at 563 (finding the district court erred by imposing a sanction that precluded appellant from appealing its judgment, but that on remand, the district court may exercise its discretion to impose any appropriate sanction for violations of its orders). A sanction may, however, "be *both* coercive and compensatory[.]" *N.Y. State NOW* , 886 F.2d at 1353 (emphasis added).

To justify a sanction's compensatory aspects, the moving party must demonstrate a "causal connection" between the contemnor's contemptuous behavior and the alleged damages. *Leadsinger, Inc. v. Cole*, No. 05-CV-5606 (HBP), 2006 WL 2266312, at *17 (S.D.N.Y. Aug. 4, 2006). "A monetary sanction is normally appropriate 'to compensate the plaintiff for injury caused by past noncompliance or to prevent continued disobedience but such a fine is 'not always dependent on a demonstration of actual pecuniary loss.'" *Trustees of Conn. Pipe Trades Local 777 Health Fund v. Plumbing Creations, LLC*, No. 3:15-cv-00822 (MPS), 2019 WL 3051293, at *3 (D. Conn. July 11, 2019) (citing *Manhattan Industries*, 885 F.2d at 5).

Mr. Helfand's failure to pay the bond has caused Plaintiffs and Settlement Class Counsel actual loss. Indeed, this Court has already found that Plaintiffs are "harmed and prejudiced by the appeal lodged by Objector/Appellant Steven Helfand" in that "no part of the $60 million cash benefits, the Aura Financial Shield coverage, or the investigative and recovery efforts by Kroll will be provided to class members until the appeal is resolved." (ECF No. 174 at 1). Thus, Mr. Helfand's appeal has and is still holding up relief to millions of class members. Now Mr. Helfand has chosen to extend his harmful and prejudicial efforts by consciously ignoring and disregarding this Court's Order to post a bond, despite the fact that he indicated in his papers before the Court that he was financially able to do so. (*See* ECF No. 168 at 2).

In deciding to impose the bond requirement on Mr. Helfand, the Court considered Mr.

Helfand's financial ability to post a bond; the merits of his appeal; whether he has shown bad faith or vexatious conduct; and the risk that Mr. Helfand will not pay the costs if the appeal is unsuccessful. (ECF No. 174 at 1). The Court found that each factor supported requiring Mr. Helfand to post a bond in the case. Now, consistent with Mr. Helfand's historically vexatious conduct in this and many cases, including his contemporaneously filed appeal in *In Re: TikTok, Inc. Consumer Privacy Litigation* (discussed below), Mr. Helfand refused to comply with the Court's Order, even though he reiterated to counsel in a meet and confer and to the Court that he was not "claim[ing]to be unable pay a bond of $25,000." (ECF No. 168 at 2). This noncompliance further demonstrates that there is a genuine risk Mr. Helfand will not pay the costs of his appeal if he is unsuccessful, as Plaintiffs predict he will be. Payment of the appeal bond and the sanctions requested herein are critical to ensuring Plaintiffs and the Class Members do not suffer irreparable future harm.

As this Court has held, "the purpose of compensatory sanctions is 'to make reparation to the injured party and restore the parties to the position they would have held had the [order] been obeyed.'" *Al Hirschfeld Found*, 438 F. Supp. 3d at 207–08 (internal citations omitted). To this end, the court may award attorneys fees and costs. *Id*. Plaintiffs have incurred attorneys' prosecuting Mr. Helfand's contempt of the Court's Order. *See Trustees of Conn. Pipe Trades Local 777 Health Fund,* 2019 WL 3051293, at *4 (finding that reasonable attorneys' fees and costs incurred in preparing the motion for contempt were appropriate compensation given defendant's failure to comply with a subpoena). Mr. Helfand had notice of the requirement that he post a bond in the amount of $25,000 by October 18, 2022, but failed to do so, despite his assertions that he was financially able to do so (*see* ECF No. 168 at 2), suggesting that his noncompliance was willful.

Plaintiffs request that this Court impose monetary sanctions on Mr. Helfand for his

violation of the Court's Order in the form of a fine and award of attorney's fees. The district court is counseled to consider several factors in calculating a fine, including "the character and magnitude of the harm threatened by continued contumacy," the "probable effectiveness of any suggested sanction in bringing about [compliance]," and the contemnor's ability to pay. *Id.* (citations omitted). As has been recognized in this District:

> [S]anctions may be appropriate as class action objectors pursue frivolous appeals since '[t]o treat the filing of frivolous objections in the district court and the equally-frivolous appeal of the denial of one of those objections as two unconnected actions... would be to blind oneself to the reality of how the scheme of ... extortionate objectors actually works.' It is the combination of the initial objection and subsequent appeal that creates the potential for extortion.

*In re Petrobras Sec. Litig.*, 363 F. Supp. 3d 426, 434 (S.D.N.Y. 2019) (internal citations omitted). Indeed, this potential was realized recently in *In Re: TikTok, Inc. Consumer Privacy Litigation*, No. 20cv04699 (N.D. Ill.), in which Mr. Helfand also filed the sole appeal.  Shortly after this Court imposed an appeal bond on Mr. Helfand, plaintiffs in *TikTok* filed a motion for imposition of an appeal bond in the amount of $200,000.  In that motion and in a contemporaneous motion to dismiss the appeal, the *TikTok* plaintiffs noted that Mr. Helfand had "admitted that his sole purpose in pursuing [the appeal] is to extort a minimum $100,000 payment from Plaintiffs' counsel." *See In Re: TikTok, Inc. Consumer Privacy Litigation*, No. 20cv04699 (N.D. Ill), ECF No. 274 (citing *Helfand v. TikTok, Inc*, Case No. 22-2682 (7th Circ.), ECF 9 (Declaration of Todd Carpenter, Esq.)). Soon after the filing of those motions, Mr. Helfand agreed to dismiss his appeal. *Helfand v. TikTok, Inc*, Case No 22-2682 (7th Circ.), ECF No. 12. In light of this Court's findings as to the frivolous and vexatious nature of Mr. Helfand's appeal and Mr. Helfand's contempt of this Court's Order, sanctions are warranted to prevent any "potential for extortion" in this matter.

Mr. Helfand continues to harm and prejudice Plaintiffs and Class Members every day he

delays the final resolution of this case. Under the terms of the Settlement, no benefits may be given to Class Members until the appeal is resolved. Mr. Helfand has elongated the appeals process and increased costs and expenses for Plaintiffs and the Class even further through what Plaintiffs contend is a frivolous appeal of the Court's Order imposing an appeal bond. A finding that Mr. Helfand is in civil contempt of the Court's Order and corresponding monetary sanctions are necessary to compensate Plaintiffs for their losses and to prevent additional future harm to Plaintiffs and the Class.

## IV. <u>CONCLUSION</u>

For the reasons set forth herein, Mr. Helfand is in contempt of the Court's September 28, 2022 Order. Plaintiffs respectfully request that this Court find Mr. Helfand to be in contempt of the Court's Order and impose monetary sanctions in the amount of $50,000 in the form of a fine payable to the Court and, if the Court deems appropriate, an award of attorney's fees to Settlement Class Counsel for pursuit of this motion.

DATED:  October 20, 2022                     Respectfully Submitted,


*/s/ Jean S. Martin*
Jean S. Martin (admitted *pro hac vice*)
MORGAN & MORGAN
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
jeanmartin@ForThePeople.com

 */s/  Linda P. Nussbaum*
Linda P. Nussbaum
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Fl.
New York, NY 10036-8718
Tel: (917) 438-9102
lnussbaum@nussbaumpc.com

*Settlement Class Counsel*

9

**<u>CERTIFICATE OF SERVICE</u>**

I, Jean S. Martin, hereby certify that on October 20, 2022, a true and correct copy of PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTEMPT was filed with the Court using its CM/ECF System which will alert all registered users of the filing.


<u>      */s/ Jean S. Martin*      </u>
Jean S. Martin