UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

*In re Morgan Stanley Data Security Litigation*

20 Civ. 5914 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

On August 5, 2022, the Court approved (1) the proposed class action settlement; and (2) attorneys' fees, costs, and service awards, issuing separate orders as to these subjects. Dkts. 156, 157, 158. On August 17, 2022, Steven Helfand, an objector and non-party member of the Class, filed a notice of appeal. Dkt. 159. On September 28, 2022, the Court granted plaintiffs' motion to order that Helfand post an appeal bond of $25,000 as a condition of proceeding with his appeal. Dkt. 174. The basis for the bond were the substantial costs, inconvenience, and delay in receiving relief that a pending appeal would visit upon the settlement class; and the Court's assessment that an appeal, if based on the objections that Mr. Helfand articulated in connection with the settlement approval, could not form the basis of a meritorious appeal. Among other consequences, a pending appeal of the settlement threatens to delay, for months if not longer, class members' access to the Aura Financial Shield product that is a central component of the settlement. The Court ordered that Mr. Helfand post the bond and file and serve proof of satisfaction of the bond requirement by October 18, 2022. *Id.* On October 14, 2022, Mr. Helfand appealed the Court's order granting the motion for bond. Dkt. 175. He has not, however, posted the bond, nor sought or obtained relief from doing so.

Plaintiffs now move to hold Mr. Helfand in contempt of the Court's order granting the motion to impose bond, on the ground that Mr. Helfand has not complied with the requirement to post an appeal bond of $25,000. Dkt. 176. Plaintiffs request that the Court impose monetary sanctions in the amount of $50,000 in the form of a fine payable to the Court and, if the Court deems appropriate, an award of attorney's fees to settlement class counsel. Dkt. 177 at 9. Plaintiffs represent that defendant Morgan Stanley does not oppose the motion or the requested relief. *See* Dkt. 176.

As an alternative to plaintiffs' proposed means of assuring Mr. Helfand's compliance with his unexcused duty to post an appeal bond, the Court is considering a different form of contempt sanction, under which Mr. Helfand, beginning Friday, November 4, 2022, would be ordered to pay $250/day to the Clerk of this Court until either posting such a bond or dismissing his appeal. *See, e.g., FTC v. BlueHippo Funding, LLC*, 762 F.3d 238, 243 (2d Cir. 2014) (holding that civil contempt sanctions may "serve to coerce future compliance," and that courts have "broad discretion" in setting the amount of such sanctions (internal quotation marks omitted)).

The Court directs Mr. Helfand to file a response on the docket of this case, by Friday, October 28, 2022, which is to address both plaintiffs' proposed sanction and the alternative form of coercive sanction proposed above. The Court further schedules an emergency in-person conference for Wednesday, November 2, 2022 at 10 a.m., at which the Court will consider possible civil contempt sanctions. The conference will take place in Courtroom 1305 at 40 Foley Square, New York, New York 10007. The Court directs Mr. Helfand and counsel for both plaintiffs and Morgan Stanley to attend.


The Court directs plaintiffs to furnish a copy of the motion for contempt, the documents supporting the motion, and this order to Mr. Helfand forthwith and to file a notice of such service on the docket.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 24, 2022
       New York, New York