UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Morgan Stanley Data Security Litigation* | Civil Action No. <br><br> 1:20-cv-05914-PAE |

**NOTICE OF COMPLIANCE WITH THE COURT'S BOND ORDER; ALTERNATIVE, EMERGENCY MOTION FOR STAY OR RESET OF PAYMENT DUE DATE AND ORDER TO CLERK TO ACCEPT PAYMENT AND RESPONSE TO DOCKET 179**

1. On October 25, 2022, I sent a wire transfer to the Court Registry in the amount of $25,000.00. It was initiated through the Treasury's Credit Gateway System pursuant to instructions received from the cashier from the finance department Southern District New York. Attached is a redacted confirmation from Regions Bank. This confirms compliance with the Bond Order at Docket 174. My discussion below relates to why the bond was furnished today and not earlier. I contend the due date for compliance is October 26, 2022, not sooner. This is because I was served with the Bond Order by *first class mail* on **October 3, 2022**. Given the gravity of the

contempt motion, I effected the transfer one day earlier than scheduled.

2. Class counsel did not dispatch the Bond Order electronically, like with Docket 179, and never lets on why not. Instead, they now, incredibly, contend service by first class mail on October 3, 2022, was a mere "courtesy." It was calibrated to trigger noncompliance. Forthwith service of the Bond Order was a required but missing component of the contempt motion and was the obvious if unstated expectation of the Court.

3. On October 24, 2022, Class counsel served a copy of this Court's Order at Docket 179 *electronically*. Page 3 of the Order states: "The Court directs plaintiffs to furnish a copy of the motion for contempt, the documents supporting the motion, and this order to Mr. Helfand forthwith and to file a notice of such service on the docket."

4. Conversely, the Bond Order was entered at the docket on September 28, 2022 [Docket 174]. **It was not served until Class counsel sent it first class mail on October 3, 2022**. It was received October 6, 2022. **With three days extended for mailing, I construed the Bond Order as**

***setting a compliance date for October 26, 2022. See, Fed. R. Civ. P. 6(a)***.[1] Compliance in fact occurred October 25, 2022.

5. As a *pro se* litigant and non-party, I ***am not*** served electronically automatically with papers when filed on the docket, either by the parties or Court. The Order at Docket 179, like Docket 166, appreciates this inherent limitation, requiring ***forthwith*** service. But with all due respect, the Bond Order was ***not*** served forthwith. ***It was served in the slowest possible manner to try and cut-short my notice***. It seemed obvious the Court provided a reasonable twenty-day compliance window. This was calibrated to allow meaningful opportunity to gather the funds and comply. I did not have such funds readily available and have ongoing monthly expenses as well. The twenty-day window is or should be measured from the date of service of the Bond Order, which the Court presumed would be the date of filing. Any other reading makes no sense. Surely, the Court would not have constructed a reasonable compliance window and

---

[1] To be clear, the bond motion most assuredly was a sword. Here it cut both ways. It confirmed a monumental problem with the record. Class counsel improperly used it to materially lower the class participation reported to the Court at the fairness hearing. This should matter. My appeal is not frivolous.

allowed Class counsel to frustrate this opportunity by delayed service. But that seems to be precisely what occurred. Service, forthwith, of the Bond Order was an essential but missing ingredient.

6. Service of the Bond Order could have been by simple email on the date the Order was entered on the docket. Yet, this was skipped entirely. **_Nobody bothered to serve the Order until five days after its entry, and then only by first class, "snail-mail."_**

7. If I misconstrued the allowance period in keeping with the spirit of the Bond Order that is my fault and I acknowledge complete responsibility. I reviewed the Bond Order and evaluated it in the context of the Court's overall approach to fairness, which has been impeccable. I set the due date for compliance October 26, 2022, on my calendar and diligently assembled funds for compliance since money was spread at different accounts and institutions and it would have impact on my budget and its constraints. Suffice it to say, I needed the entire twenty days for compliance. I could have benefitted from even a few more days. This was no easy task and has been made immeasurably harder by the necessity of this response.

8. The anticipated payment to the registry on October 26, 2022, was, in fact, willful and deliberate after careful consideration of the Bond Order, and the manner of service when squared with the rules of civil procedure. I determined this was the due date. Nobody else calculated it. My decision as to the timing of payment was knowing and intelligent. If it is erroneous, it is my fault. I simply do not believe it is.

9. Moreover, I firmly contend any other construction of the Bond Order that does not tie the compliance window to service is arbitrary and runs afoul of due process and Fed. R. Civ. P. 5. Indeed, Docket 166 had a similar provision to provide notice. Like Docket 179, it was promptly served electronically. I have always preferred electronic service and had Docket 176 been distributed electronically on September 28, 2022, there would have been no problem here. It was not. Yet, Class counsel cannot explain meaningfully why not. The obligation for them to have effectuated service is particularly compelling here. The motion for contempt ignores proof of service of the Bond Order. This is a remarkable omission and I do not possess clairvoyance.

10. In hindsight, I may have erred in not bringing a motion to extend compliance time based on tardy service. To the extent this is so, I accept full responsibility.

11. However, I am proceeding in good faith and have been operating from the assumption, even if erroneous, the bond could be posted up until October 26, 2022. The contempt motion, filed without warning from Class counsel, is a mean-spirited and wholly unnecessary surprise. Meet and confer would have been beneficial.

12. Far from ignoring the Court's Order I have moved swiftly. It is also true that I filed a notice of appeal and have explored other steps relating to the Bond Order because I respectfully contend it is improperly calculated and *chills* appellate review. Class counsel should not have made the task more challenging by artificially truncating time and then seeking to hold me in contempt based on their own choreographed delay and juvenile service shenanigans. Not so fast. Contempt is a serious accusation to be leveled **_even_** against me. It is inappropriate.

13. While I never claimed inability to pay the bond and have been candid with the Court as to financial ability; it is and was a hardship.

While compliance was possible it did take me time to assemble the funds and rearrange my finances. I needed the full twenty days, not just some that Class counsel chose to selectively allow by tardy service. It is astonishing the settling parties deliberately sought to circumvent the Bond Order's compliance window. This is not a minor point and strongly militates against any finding of contempt or sanctions.

14. To be sure, Docket 174 had no requirement it be served in any manner or consistent with, for example, Docket 179 or Docket 166. The Court presumed Class counsel would serve it on me forthwith, like its prior Orders. But this underscores the due process shortcoming and fundamental unfairness. If not calculated from date of service, **_by failing to promptly serve the Bond Order, Class counsel undercut the compliance period_**. Class counsel perpetuated a scheme to provide less time than the Court allowed, only to claim I did not make it on time for strictly partisan reasons to *strong-arm* a dismissal.

15. To the extent the pending motion is not moot and still warrants contempt or sanctions, Class counsel proceeded inequitably by

refusing to meet and confer and failing to distribute the Court's September 28, 2022, Bond Order promptly and efficiently. The amounts sought in the contempt motion are unfounded and unjustified. Because the bond has been posted, there is no need for coercive remedies or an emergency conference.

16. If I erred in misconstruing the compliance date, this error was inadvertent, promptly rectified and is excusable. My compliance is substantial, if not complete. The Court's proposed mechanism for contempt is well-meaning and entirely reasonable but is unnecessary. ***I kindly request the Court dismiss the contempt motion with prejudice and excuse my personal appearance on November 2, 2022***. I apologize for not alerting the Court to the delayed service of the Bond Order and requiring the full time allotted to me for compliance.

17. I ***cannot*** travel to New York City on or about November 2, 2022. If the Court requires a more precise statement as to why I am unable to travel from Fort Lauderdale, Florida on or about those dates, I ask for leave to file a declaration under seal or alternatively, permission to appear remotely and explain why not.

Respectfully submitted on October 25, 2022,

*steven helfand*
_____

STEVEN FRANKLYN HELFAND

410 Southeast 16th Court, Apartment 730

Fort Lauderdale, Florida 33316

786-676-1018

Steven.Helfand1400@outlook.com

## PROOF OF SERVICE

This document was distributed electronically to the following persons on October 25, 2022.

NUSSBAUM LAW GROUP, P.C. Linda P. Nussbaum 1211 Avenue of the Americas, 40th Floor New York, NY 10036

lnussbaum@nussbaumpc.com

MORGAN & MORGAN Jean Martin 201 N. Franklin St. 6th Floor Tampa, FL 33602

jeanmartin@forthepeople.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP Susanna M. Buergel, Esq. 1285 Avenue of the Americas New York, New York 10019

sbuergel@paulweiss.com

2001 K Street NW Washington, DC 20006

jobrien@paulweiss.com

Stephanie Fiereck, Esq. Epiq | Hilsoft Notifications | Legal Notice Manager

Email: sfie@epiqglobal.com

*steven helfand*
_____
STEVEN FRANKLYN HELFAND
410 Southeast 16th Court, Apartment 730
Fort Lauderdale, Florida 33316
786-676-1018
Steven.Helfand1400@outlook.com

Sales and Service

CUSTOMER COPY

 REGIONS

## Domestic Wire Transfer Request/Authorization

**Originator/Payment By:**

| NAME | STEPHEN HELFAND |
|---|---|
| CUSTOMER IDENTIFICATION | DL H▇▇▇ FL 09▇▇/I▇▇ |
| STREET ADDRESS | ▇▇▇ |
| ACCOUNT TYPE | CHECKING |
| DATE OF BIRTH | ▇▇▇ |
| CITY/STATE/ZIP | ▇▇▇ |
| ACCOUNT NUMBER | ▇▇▇ |
| TAX IDENTIFICATION NUMBER | ▇▇▇ |

**Transfer Instructions:**

WIRE AMOUNT: $ 25,000.00

TARGET BANK NAME: TREAS NYC/FUNDS TRANSFER DIVISION
TARGET BANK CITY, STATE: WASHINGTON DC
TARGET BANK ABA: ▇▇▇

BENEFICIARY BANK NAME: 
BENEFICIARY BANK CITY, STATE: 
BENEFICIARY BANK ACCOUNT NUMBER: 

BENEFICIARY'S NAME: US DISTRICT COURTS-SDNY
BENEFICIARY'S ADDRESS: 500 PEARL ST ROOM 120
BENEFICIARY'S CITY, STATE, ZIP, OR COUNTRY: NEW YORK NY 10007
BENEFICIARY'S ACCOUNT NUMBER: ▇▇▇

Originator to Beneficiary Information (optional):

STEVEN HELFAND

20-CV-5914-PAE

FRAP 7 BOND DKT 174

Bank to Bank Information (optional):

Purpose: PAYMENT TO THE US TREASURY

By signing below, Originator authorizes Regions Bank to effect the Funds Transfer described on this request and agrees to be bound by the terms and conditions of the Funds Transfer Agreement set forth on the reverse side hereof. Originator certifies that the information contained in this request is correct.

AUTHORIZED SIGNATURE

BANK AUTHORIZED SIGNATURE

NAME OF CORPORATION/PARTNERSHIP

APPROVING BANK OFFICER

BY: SIGNATORY REPRESENTATIVE NAME (PRINTED)

TITLE

Request Date: 10/25/2022    Wire fee: $ 25.00    Wire Sequence Number: ▇▇▇

Prepared By: TARA NAPOLI    Branch: 092 06234 FT LAUDERDALE

Additional charges may apply for notification services. Notification services are only available to customers that have entered into a separate funds transfer agreement with the Regions Money Transfer Department.

**Thank you for banking with Regions!**

Form 52137xx
Rev 03/2018

Distribution:    ORIGINAL – CUSTOMER
                 1ST COPY – BRANCH