UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re Morgan Stanley Data Security Litigation*

20 Civ. 5914 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On August 5, 2022, in a lengthy bench decision, the Court approved (1) the proposed

class action settlement; and (2) attorneys' fees, costs, and service awards, issuing separate orders

as to these subjects. Dkts. 156, 157, 158. On August 17, 2022, Steven Helfand, a *pro se*

objector and non-party member of the Class, filed a notice of appeal. Dkt. 159. No other

putative class member appealed.

On September 28, 2022, the Court granted plaintiffs' motion to order that Mr. Helfand

post an appeal bond of $25,000 as a condition of proceeding with his appeal. Dkt. 174. In so

ordering, the Court recognized the considerable prejudice caused to the settlement class by Mr.

Helfand's appeal, which the Court viewed as meritless. In particular, the Court recognized that,

given the nature of the remedies that the settlement afforded participating class members—which

include payment of cash benefits and the provision of Aura Financial Shield coverage—it would

in practice be impossible to restore the status quo ante in the event that the settlement terms were

implemented but the settlement thereafter overturned on appeal. Accordingly, the Court

recognized, Mr. Helfand's appeal stands to materially delay provision of relief to the class. On

October 14, 2022, Mr. Helfand appealed the Court's order requiring him to post the appeal bond.

Dkt. 175.

On October 20, 2022, plaintiffs moved to hold Mr. Helfand in contempt, for failure to timely comply with the order to post the appeal bond. Dkt. 176. Plaintiffs requested that the Court impose monetary sanctions in the amount of $50,000, and an award of attorney's fees to settlement class counsel. Dkt. 177 at 9. On October 25, 2022, the Court issued an order stating that it was considering a different form of contempt sanction—a coercive, rather than punitive, sanction, under which Mr. Helfand, beginning November 4, 2022, would be ordered to pay $250/day to the Clerk of this Court until either posting such a bond or dismissing his appeal. Dkt. 179 at 2. The Court directed Mr. Helfand to file a response to the Court's order and plaintiffs' motion by October 28, 2022 and scheduled an emergency in-person conference for November 2, 2022. *Id.*

On October 25, 2022, Mr. Helfand filed a notice reflecting that he has now complied with the Court's order to impose bond. Dkt. 180. He attached a domestic wire transfer authorization indicating that he had transferred $25,000 to the Clerk of this Court. *See id.* at 11. He further asked that the Court deny plaintiffs' contempt motion and excuse him from the obligation to appear at the November 2, 2022 conference. *Id.* at 8. He argued that he understood the compliance date for posting bond to be October 26, 2022, on the ground that, although the bond order had been served on him by plaintiffs by first class mail on October 3, 2022, he had not received the order until October 6, 2022. *Id.* at 1–2.

On October 25, 2022, plaintiffs filed a reply in further support of contempt. Dkt. 182. They noted that the timetable for Mr. Helfand to comply with the Court's September 28, 2022 order imposing bond was set by the entry of that order, that the September 28 order had timely been entered on the docket, that Mr. Helfand had been obliged to monitor the docket, and that Mr. Helfand had been capable of timely filing his appeal. *Id.* at 1–2.

Plaintiffs are correct that Mr. Helfand failed to timely comply with the order to post bond. As plaintiffs note, the September 28, 2022 order required Mr. Helfand to comply with the bond requirement "within 20 days of th[e] Order" and did not require plaintiffs to serve the order upon Mr. Helfand as a predicate to compliance. Dkt. 174 at 2. The deadline for Mr. Helfand's compliance was thus October 18, 2022. Mr. Helfand does not recite any sound basis for failing to meet that deadline. The Court reaffirms why imposition of a bond was necessary here, including the substantial costs, inconvenience, and delay that Mr. Helfand's appeal is likely to visit upon the settlement class.

Nonetheless, with Mr. Helfand having now posted the required bond, a civil contempt sanction is no longer warranted as a means to bring about his compliance. And plaintiffs have not demonstrated that Mr. Helfand's delay in posting the bond visited any out-of-pocket costs on them, let alone the $50,000 that plaintiffs urge Mr. Helfand to be required to pay. Accordingly, the Court denies as moot plaintiffs' motion to hold Mr. Helfand in contempt, declines to impose a monetary sanction on Mr. Helfand for his belated compliance, and cancels as unnecessary the emergency conference scheduled for November 2, 2022.

The Court does take this opportunity to encourage the United States Court of Appeals for the Second Circuit to hear and resolve Mr. Helfand's appeal expeditiously, in the interest— assuming affirmance—of enabling the class to obtain the benefits of the settlement as promptly as possible.

Although Mr. Helfand remains charged with monitoring the docket of this case, the Court further directs plaintiffs to furnish a copy of this order to Mr. Helfand forthwith and to file a notice of such service on the docket.

SO ORDERED.

_Paul A. Engelmayer_

—————————————————————
PAUL A. ENGELMAYER
United States District Judge

Dated: October 27, 2022
       New York, New York