UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re Morgan Stanley Data Security Litigation*

20 Civ. 5914 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On August 5, 2022, in a lengthy bench decision, the Court approved (1) the proposed class action settlement; and (2) attorneys' fees, costs, and service awards. *See* Dkts. 156–58. At that hearing, the Court denied class member Melissa Linden's motion for joinder, Dkt. 123, and motion to stay, Dkt. 130, recognizing that the motions "appear to be premised on her assertion that the settlement does not provide adequate relief and concern with her future ability to bring claims against Morgan Stanley for issues relating to her deceased father's account." Dkt. 160 at 5. The Court noted that, to the extent that Linden believed she had claims against Morgan Stanley based on issues related to her father's account, her recourse would have been to opt out of the class action. *Id.* at 5–6. Because Linden had not opted out of the class action, the Court respectfully denied her motions. *Id.* at 6. Separately, the Court noted Linden's objections to the settlement, *see* Dkt. 122, and at the hearing directed questions to plaintiffs' counsel about those objections. Dkt. 160 at 75–77.

This order addresses three pending motions by Linden: (1) a letter-motion to vacate the final judgment in this action, *see* Dkt. 192; (2) her objection to the deadline to request redactions to the transcript of the August 5, 2022 hearing, *see* Dkt. 193; and (3) a letter-motion to impose sanctions for alleged misconduct by counsel for defendant Morgan Stanley Smith Barney LLC

("Morgan Stanley"), *see* Dkt. 194.  The Court commissioned responses from plaintiffs, as to the

motion to vacate, and from defendant's counsel, as to the motion for sanctions.  *See* Dkt. 195.[1]

For the following reasons, the Court denies the relief sought.

*First*, Linden moves to vacate the final judgment under Federal Rule of Civil Procedure

60(b)(1), claiming that she was "erroneous[ly]" labeled as a "non-party" and "non-party joiner"

on the docket.  *See* Dkt. 192.  She seeks relief including damages and the production of certain

records.  *See id.*  Plaintiffs oppose her motion, noting that she was properly classified as a non-

party because she was not a named plaintiff and that her motions were duly considered by the

Court.  *See* Dkt. 198.  Plaintiffs are correct.  Rule 60(b) allows a court to "relieve a party or its

legal representative from a final judgment" based on, *inter alia*, "mistake, inadvertence, surprise,

or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Linden has not made any such showing here.

She has failed to demonstrate that her classification on the docket and the Court's rulings as to

her motions were erroneous, let alone that any error justifies relief under Rule 60(b).  Her

allegations appear to relate to matters beyond the scope of this class action.  The Court denies her

motion.

*Second*, Linden "object[s] to the termination of transcript deadline . . . and ask[s] for the

transcript to be made available immediately," asserting that "the people should be given access

to the record of the Fairness hearing."  *See* Dkt. 193.  This request appears to derive from the

Court's statement at the August 5, 2022 hearing that it would not issue a written decision, but

instead would resolve the motions for settlement approval, and for fees and costs, in a bench

---

[1] In a November 25, 2022 letter addressed to the Court, Linden took issue with various aspects of the Court's order directing responses to her motions.  *See* Dkt. 197.  Her letter, although challenging to comprehend, appears to argue that, *inter alia*, the Court improperly characterized her as "disgruntle[d] about settlement monies."  *See id.* (attaching various filings).  The Court does not find any allegations in the letter meritorious and denies the relief sought therein.

ruling. The Court added that, "if the content of what I say is important to you, you will need to order the transcript of this conference." Dkt. 160 at 98. Under the August 18, 2022 notice of the filing of the official transcript of the fairness hearing, the parties had seven days to file any notice of intent to request redaction of the transcript; absent such notice, the transcript would become remotely electronically available to the public without redaction after 90 days. *See* Dkt. 161. Linden does not explain any deficiency in this process, or why she objects to the docket entry she references.[2] The Court declines to take any action with respect to this objection.

*Third*, Linden seeks sanctions against counsel for Morgan Stanley based largely on a November 11, 2022 email to her from its outside counsel. The email, which responds to an email from Linden, stated that the counsel's law firm does not represent Linden or Morgan Stanley in connection with the issues she had raised and that the firm would not respond to further correspondence from her. *See* Dkt. 194. Morgan Stanley opposes her motion. It defends counsel's email to Linden as accurate and appropriate, *see* Dkt. 199, and attaches a fuller set of emails between Linden and various counsel assigned to this matter, *see* Dkt. 200. Upon review, the Court does not find any impropriety or basis for sanctions. Counsel's responses to Linden's inquiries, including the email that she challenges, were appropriate. As counsel explained, Linden's requests related to matters outside the scope of this litigation and/or were subject to direct rulings by this Court. The Court denies Linden's motion for sanctions.

---

[2] To the extent Linden may mean to contend that the Court set a deadline for seeking a copy of the transcript of the hearing, the Court did not set any such deadline.

Plaintiffs' counsel shall furnish a copy of this order to Linden forthwith and file proof of service on the docket within one week of this order.  The Court respectfully directs the Clerk of Court to terminate all pending motions.[3]  The case remains closed.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 8, 2023
       New York, New York

---

[3] The Court attaches to this order various unsolicited letters sent by Linden after plaintiffs and defendant's counsel filed their respective responses.  Whether construed as replies or independent motions, these letters appear to reprise arguments raised herein by Linden.  The letters do not make any of Linden's claims meritorious.

*Via Pro Se Email Portal*

**Judge Paul A. Engelmayer**
United States District Court Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

In re Morgan Stanley Data Security Litigation Case No. 1:20-cv-05914-PAE

**Re:** Letter Motion to Compel Proof of Morgan Stanley June 2020 Notice and March 2022 Notice, All Notice of Hearings and Notice of Orders, on all Melisssa A Linden filing before the court be placed on the public docket, attached brief in support of and request for oral argument to be granted.

12-02-2022

Dear Judge Paul A. Engelmayer,

Scriber, melissa linden, respectfully submits this correspondence in order to expedite the truth, and asks the court to participate in rendering the truth to its public docket. Hense why, scribers, ask the court to grant this letter motion for proof thereof, described in the Specific Facts Relied Upon section, for the following reasons:

Memorandum of Law

<u>Specific Facts Relied Upon</u>

Plaintiffs' Attorney asserted under penalty of perjury "The Court also considered Ms. Linden's motion for joinder (ECF No. 123) and motion for stay (ECF No. 130) and denied both motions. See ECF No. 160 at 5-6; :', Scriber doesn't no agree with this statement and ask for tangible proof thereof in the format described bellow

1.  Proof of Morgan Stanley June 2020 Notice, March 2022 Notice be place to the docket by Plaintiff,
2.  All Notices of Hearing that were issued in connection with melissa linden appearance, request for filing electronically, dkt123, dkt 130 ect placed to the docket.
3.  All Notices of Orders on all issued in connection with melissa linden appearance, request filing electronically, dkt123, dkt 130 place to the docket.
4.  Plaintiff Attorney continues to establish Melissa Lindens filings are confusing and hookwkin, these filings as if they are ignorant. This is notice to all parties, I am pro se filler and am happy to provide verbal disclosure to any matters that arises out of my filings. I am a phone call away, so if your confused, i believe a this more constructive form of communication and remedy for your confusion.

Complaining to a judge on a public docket seemly is a waste of time and appears to me, a regular person, to be exhibiting snitty behavior for an Attorney.

<u>Legal Argument</u>

As plaintiffs' attorney have asserted under penalty of perjury "The Court also considered Ms. Linden's motion for joinder (ECF No. 123) and motion for stay (ECF No. 130) and denied both motions. See ECF No. 160 at 5-6;

The docket reflects this statement, by the plaintiff, to appear as if it is not the truth and is why Scriber is asking for the court to relive her and remedy this matter. In the action of grant an order to compel the Plaintiff to place tangible proof to the docket of their assertion of, "The Court also considered Ms. Linden's motion for joinder (ECF No. 123) and motion for stay (ECF No. 130) and denied both motions. See ECF No. 160 at 5-6; :'

Noting, to the court, the above matter, is the reason for this request, for an order to compel. Noting scriber, believes this submission meets the Criteria to grant her request. As the court can be provided proof of scribers assertion in their own records. Scribers believes the courts records will evidence the plaintiff's argument and statements, to be bald on their face. In addition to pointing out, to the court, the court itself, doesn't have subject matter jurisdiction to grant or extend an argument to the plaintiff that doesn't exit.

Concluding, the Plaintiff **can't** say Melissa Linden filings were consider, when the case records appears, she has never been notified of this, or in even in front of this court. Seemingly this type of argument and defenses appears unlawful. Which is why the scriber is asking the court for remedy of this matter by making plaintiffs provide proof of their assertions.

Wherefore, scribers, asks the court for immediately relief and remedy of the matter by granting scribers request for an order to Compel Proof, in the form of, Morgan Stanley June 2020 Notice and March 2022 Notice, All Notice of Hearing and Notice of Orders, on all Melisssa A Linden filing before the court to be placed to the public docket, and request for oral argument to be granted, in addition to any cost and expenses associated with the filing and what the court sees fair and just

Respectfully Submitted

Melissa Linden

Order for Letter Motion to Compel Proof Notice of, Proof of Morgan Stanley June 2020 Notice, March 2022 Notice, All Notice of Hearings and Notice of Orders, on all Melisssa A Linden filing before the court, brief in support of and request for oral argument.

Entered in support of, on 12/2/2022 and

Is so ordered _____

Pursuant to the terms required by Law. The below parties have been served this matter on 12-2-2022.

Respectively

Melissa linden

| | | | |
|---|---|---|---|
| John A. Yanchunis<br>Morgan & Morgan, P.A.<br>201 N. Franklin Street 7th Floor<br>Tampa, Fl 33602<br>(813)-275-5272<br>(813) 222-4736 (fax)<br>jyanchunis@forthepeople.com<br>Assigned: 08/18/2020<br>LEAD ATTORNEY | Jonathan M. Sedgh<br>Morgan and Morgan<br>850 3rd Avenue<br>Ste 402<br>Brooklyn, NY 11232<br>212-738-6839<br>jsedgh@forthepeople.com<br>Assigned: 09/30/2021<br>ATTORNEY TO BE NOTICED | Linda P. Nussbaum<br>Nussbaum Law Group, P.C.<br>1211 Avenue of the Americas<br>New York, NY 10036<br>917-438-9102<br>lnussbaum@nussbaumpc.com<br>Assigned: 11/04/2020<br>ATTORNEY TO BE NOTICED | Heather H Jones<br>The Consumer Protection Firm<br>Florida<br>401 E. Jackson Street<br>SunTrust Financial Center<br>Ste 2340<br>Tampa, FL 33602<br>813-500-1500<br>813-435-2369 (fax)<br>heather@theconsumerprotectionf<br>irm.com<br>Assigned: 08/31/2020 |
| Leslie Guillon<br>Arnold Law Firm<br>865 Howe Avenue<br>Sacramento<br>Sacramento, CA 95825<br>916-239-4787<br>916-924-1829 (fax)<br>lguillon@justice4you.com<br>Assigned: 08/20/2020 | Michael Anderson Berry<br>Arnold Law Firm<br>865 Howe Avenue<br>Sacramento, CA 95825<br>916-777-7777<br>aberry@justice4you.com<br>Assigned: 08/20/2020<br>LEAD ATTORNEY | James E. Cecchi<br>Carella, Byrne, Cechi, Olstein,<br>Brody & Agnello, P.C.<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>973 994-1700<br>973 994-1744 (fax)<br>jcecchi@carellabyrne.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Lori Gwen Feldman<br>George Gesten McDonald PLLC<br>102 Half Moon Bay Drive<br>Croton on Hudson, NY 10520<br>917-983-9321<br>888-421-4173 (fax)<br>lfeldman@4-justice.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED |
| Jane Baek O'Brien<br>Paul, Weiss, Rifkind, Wharton &<br>Garrison, LLP (DC)<br>2001 K Street, N.W.<br>Washington, DC 20006<br>(202) 223-7300<br>(202) 223-7420 (fax)<br>jobrien@paulweiss.com<br>Assigned: 09/29/2020 | Daniel H. Levi<br>Paul Weiss (NY)<br>1285 Avenue of the Americas<br>New York, NY 10019<br>212-373-3497<br>212-492-0497 (fax)<br>dlevi@paulweiss.com<br>Assigned: 10/11/2021<br>ATTORNEY TO BE NOTICED | Brad Scott Karp<br>Paul Weiss (NY)<br>1285 Avenue of the Americas<br>New York, NY 10019<br>212-373-2384<br>212-373-2384 (fax)<br>bkarp@paulweiss.com<br>Assigned: 09/29/2020<br>LEAD ATTORNEY | Anna St. John<br>Hamilton Lincoln Law Institute<br>1629 K St. NW Suite 300<br>Washington, DC 20006<br>917-327-2392<br>anna.stjohn@hlli.org<br>Assigned: 07/12/2022<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED |

| LEAD ATTORNEY ATTORNEY TO BE NOTICED | | | |
|---|---|---|---|
| Kyle Alan Shamberg<br>Lynch Carpenter LLP<br>111 W. Washington, STE 1240<br>Chicago, IL 60602<br>312-750-1265<br>kyle@lcllp.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Jonathan M. Jagher<br>Freed Kanner London & Millen<br>923 Fayette Street<br>Conshohocken, PA 19428<br>610-234-6487<br>224-632-4521 (fax)<br>jjagher@fklmlaw.com<br>Assigned: 09/17/2020<br>PRO HAC VICE<br>ATTORNEY TO BE NOTICED | Erich Paul Schork<br>Roberts Law Firm US, PC<br>PO Box 31909<br>Chicago, IL 60631<br>312-810-5824<br>erichschork@robertslawfirm.us<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Michael L Roberts<br>Roberts Law Firm<br>20 Rahling Circle<br>Little Rock, AR 72223<br>(501)-821-5575<br>(501)-821-4474 (fax)<br>aprilburton@robertslawfirm.us<br>Assigned: 03/18/2021<br>ATTORNEY TO BE NOTICED |
| **Janine Lee Pollack<br>Calcaterra Pollack LLP<br>1140 Avenue of the Americas<br>9th Floor<br>New York, NY 10036<br>212-899-1760<br>332-206-2073 (fax)<br>jpollack@calcaterrapollack.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED** | **Michael Milton Liskow<br>Calcaterra Pollack LLP<br>1140 Avenue of the Americas<br>Ste 9th Floor<br>New York, NY 10036-5803<br>212-899-1761<br>mliskow@calcaterrapollack.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED** | **Karen Halbert<br>Roberts Law Firm, P.A.<br>20 Rahling Circle<br>Little Rock, AR 72223<br>501-821-5575<br>.(fax)<br>karenhalbert@robertslawfirm.us<br>Assigned: 09/23/2020<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED** | **Melissa Robin Emert<br>Stull, Stull & Brody<br>6 East 45th Street<br>NY, NY 10017<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED** abrody@ssbny.com |

*Via Pro Se Email Portal*

**Judge Paul A. Engelmayer**
United States District Court Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**12-02-2022**

In re Morgan Stanley Data Security Litigation Case No. 1:20-cv-05914-PAE

**Re**: Letter Motion for Clarification and requested argument to insure fundamental fairness to the matter

Dear Judge Engelmayer and the Court:

Melissa Linden, Scriber, respectfully submits this motion for clarification and Brief, in support of, the Plaintiffs, rendering an emergency clarification, in the form of an affidavit, clarifying the Plaintiff statement under penalty of perjury that states the following, "Ms. Linden was a class member for purposes of the Morgan Stanley Data Security Incidents, she was not a party to the litigation as she was not a named plaintiff in any related matter consolidated before this Court."

Memorandum of Law

<u>Specific Facts Relied Upon</u>

This statement above is based in ambiguity thus in need of clarification. In that, scriber asks the court, how can one be a class member in the incident but not able to become a part of the litigation. When applying this statement to the law it simply makes no sense. Highlighting, aren't class actions formed in the first place to be all inclusive. This is why scriber is asking for clarification of plaintiffs' determination, of scriber, and define how she cannot participate in this litigation. From scribers point of view, this determination, doesn't seem consistent with US Law. Therefore, is the reason, scriber, is asking Plaintiff to clarify their statements below:

1. What is the definition of a class member for purposes of Morgan Stenly Data Security Incident,

2 what is the definition of, a party which a named plaintiff in any related consulted matter before this court is

3 who made this determination alleged classification and choose which parties can be heard.

4 when were class members, for purposes of Morgan Stenly Date Security Incident notified, they could not take part to In re Morgan Stanley Data Security Litigation Case No. 1:20-cv-05914-PAE

5, I want to Notify the court that, all my request to seek remedy of the matter were given to the prospective parties, well before judgment came to be in this matter. All parties failed to act.

Legal Facts Relied Upon

In order to rectify the confusion surrounding the matter of scribers class determination, clarification would be needed and precedence relied form this Court, stated that any non-party that requires clarification regarding the scope of the facts may make an application and "[s]uch clarification will be promptly provided."

As the court can determiner themselves, the plaintiff statements are based in confusion and clearly in need of definition and is why scriber, has asked the court to relive her of this matter, and remedy the situation immediately by granting this motion and ordering a clarification from the Plaintiff pertaining to the above statements.

Highlighting, similarly, the Second Circuit instructed that "when questions arise ....., district courts will not 'withhold a clarification in the light of a concrete situation' . . . [and] [t]he doors of the district court obviously remain open for such applications." NML Capital Ltd. v. Republic of Argentina, 727 F.3d 230, 243 (2d Cir. 2013) ("NML II").2

Conclusion

Wherefore, scriber asks the court to grant this submission as a remedy and relief to the chaotic matter. In that it would be nearly impossible for scriber to form an argument when facts are simply not clearly defined. Especially when the assertions made by Plaintiff, seemly are with no merit and is why scriber has asked the court to grant her this remedy, by ordering the plaintiff to clarify their ambulant statements, in addition to the cost and expenses associated with this filing and what the court see fair and just

Respectively Submitted,

Melissa Linden

**Order**

Order for Letter Motion for Clarification and requested argument to insure fundamental fairness to the matter

Is ordered _____


Pursuant to the terms required by Law. The below parties have been served this matter on 12-2-2022.

Respectively

Melissa linden

| | | | |
|---|---|---|---|
| John A. Yanchunis<br>Morgan & Morgan, P.A.<br>201 N. Franklin Street 7th Floor<br>Tampa, Fl 33602<br>(813)-275-5272<br>(813) 222-4736 (fax)<br>jyanchunis@forthepeople.com<br>Assigned: 08/18/2020<br>LEAD ATTORNEY | Jonathan M. Sedgh<br>Morgan and Morgan<br>850 3rd Avenue<br>Ste 402<br>Brooklyn, NY 11232<br>212-738-6839<br>jsedgh@forthepeople.com<br>Assigned: 09/30/2021<br>ATTORNEY TO BE NOTICED | Linda P. Nussbaum<br>Nussbaum Law Group, P.C.<br>1211 Avenue of the Americas<br>New York, NY 10036<br>917-438-9102<br>lnussbaum@nussbaumpc.com<br>Assigned: 11/04/2020<br>ATTORNEY TO BE NOTICED | Heather H Jones<br>The Consumer Protection Firm<br>Florida<br>401 E. Jackson Street<br>SunTrust Financial Center<br>Ste 2340<br>Tampa, FL 33602<br>813-500-1500<br>813-435-2369 (fax)<br>heather@theconsumerprotectionf<br>irm.com<br>Assigned: 08/31/2020 |
| Leslie Guillon<br>Arnold Law Firm<br>865 Howe Avenue<br>Sacramento<br>Sacramento, CA 95825<br>916-239-4787<br>916-924-1829 (fax)<br>lguillon@justice4you.com<br>Assigned: 08/20/2020 | Michael Anderson Berry<br>Arnold Law Firm<br>865 Howe Avenue<br>Sacramento, CA 95825<br>916-777-7777<br>aberry@justice4you.com<br>Assigned: 08/20/2020<br>LEAD ATTORNEY | James E. Cecchi<br>Carella, Byrne, Cecchi, Olstein,<br>Brody & Agnello, P.C.<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>973 994-1700<br>973 994-1744 (fax)<br>jcecchi@carellabyrne.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Lori Gwen Feldman<br>George Gesten McDonald PLLC<br>102 Half Moon Bay Drive<br>Croton on Hudson, NY 10520<br>917-983-9321<br>888-421-4173 (fax)<br>lfeldman@4-justice.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED |
| Jane Baek O'Brien<br>Paul, Weiss, Rifkind, Wharton & | Daniel H. Levi<br>Paul Weiss (NY) | Brad Scott Karp<br>Paul Weiss (NY) | Anna St. John<br>Hamilton Lincoln Law Institute |

| | | | |
|---|---|---|---|
| Garrison, LLP (DC)<br>2001 K Street, N.W.<br>Washington, DC 20006<br>(202) 223-7300<br>(202) 223-7420 (fax)<br>jobrien@paulweiss.com<br>Assigned: 09/29/2020<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED | 1285 Avenue of the Americas<br>New York, NY 10019<br>212-373-3497<br>212-492-0497 (fax)<br>dlevi@paulweiss.com<br>Assigned: 10/11/2021<br>ATTORNEY TO BE NOTICED | 1285 Avenue of the Americas<br>New York, NY 10019<br>212-373-2384<br>212-373-2384 (fax)<br>bkarp@paulweiss.com<br>Assigned: 09/29/2020<br>LEAD ATTORNEY | 1629 K St. NW Suite 300<br>Washington, DC 20006<br>917-327-2392<br>anna.stiohn@hlli.org<br>Assigned: 07/12/2022<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED |
| Kyle Alan Shamberg<br>Lynch Carpenter LLP<br>111 W. Washington, STE 1240<br>Chicago, IL 60602<br>312-750-1265<br>kyle@lcllp.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Jonathan M. Jagher<br>Freed Kanner London & Millen<br>923 Fayette Street<br>Conshohocken, PA 19428<br>610-234-6487<br>224-632-4521 (fax)<br>jjagher@fklmlaw.com<br>Assigned: 09/17/2020<br>PRO HAC VICE<br>ATTORNEY TO BE NOTICED | Erich Paul Schork<br>Roberts Law Firm US, PC<br>PO Box 31909<br>Chicago, IL 60631<br>312-810-5824<br>erichschork@robertslawfirm.us<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Michael L Roberts<br>Roberts Law Firm<br>20 Rahling Circle<br>Little Rock, AR 72223<br>(501)-821-5575<br>(501)-821-4474 (fax)<br>aprilburton@robertslawfirm.us<br>Assigned: 03/18/2021<br>ATTORNEY TO BE NOTICED |
| Janine Lee Pollack<br>Calcaterra Pollack LLP<br>1140 Avenue of the Americas<br>9th Floor<br>New York, NY 10036<br>212-899-1760<br>332-206-2073 (fax)<br>jpollack@calcaterrapollack.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Michael Milton Liskow<br>Calcaterra Pollack LLP<br>1140 Avenue of the Americas<br>Ste 9th Floor<br>New York, NY 10036-5803<br>212-899-1761<br>mliskow@calcaterrapollack.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Karen Halbert<br>Roberts Law Firm, P.A.<br>20 Rahling Circle<br>Little Rock, AR 72223<br>501-821-5575<br>.(fax)<br>karenhalbert@robertslawfirm.us<br>Assigned: 09/23/2020<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED | Melissa Robin Emert<br>Stull, Stull & Brody<br>6 East 45th Street<br>NY, NY 10017<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED abrody@ssbny.com |

*Via Pro Se Email Portal*

**Judge Paul A. Engelmayer**
United States District Court Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

In re Morgan Stanley Data Security Litigation Case No. 1:20-cv-05914-PAE

**Re: Amended Letter Motion for Order to Compel (Original Summited 12-02-2022). Both Plaintiff and Defendants Council Susanna M. Buergel Jane B. O'Brien , the Firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ,Defendant Morgan Stanley Smith Barney LLC to, Provided Proof thereof, Notice of, Claims Admirations Notice, approximately mailed in June 2020, March 2022, Proof of Melissa Linden Notice of Hearings and Orders, and attached brief in support of this request, a request for oral argument and request for the court to stay its decision on Plaintiff and Defendants responses until all motion involving disclosure and scribers appearance have addressed**

12-04-2022 Amended version, Note: First Version date 12-02-2022,

Dear Judge Paul A. Engelmayer,

Scriber, melissa linden, respectfully submits this correspondence to amended earlier version in order to expedite the truth, information, has arisen, after scriber summited 2-2-2022's original version of the above mention filling and is why she is asking the court to participate in rendering the truth, to its public docket, by accepting this submission as the current version. Hense why, scribers, ask the court to grant this letter motion for proof thereof, described in the Specific Facts Relied Upon section, for the following reasons:

Memorandum of Law

Specific Facts Relied Upon

Plaintiffs' Attorney asserted under penalty of perjury "The Court also considered Ms. Linden's motion for joinder (ECF No. 123) and motion for stay (ECF No. 130) and denied both motions. See ECF No. 160 at 5-6; :', Scriber doesn't no agree with this statement and ask for tangible proof thereof in the format described bellow

1. Proof of Morgan Stanley June 2020 Notice, March 2022 Notice be place to the docket by Plaintiff,
2. All Notices of Hearing that were issued in connection with melissa linden appearance, request for filing electronically, dkt123, dkt 130 ect placed to the docket.
3. All Notices of Orders on all issued in connection with melissa linden appearance, request filing electronically, dkt123, dkt 130 place to the docket.
4. Plaintiff Attorney continues to establish Melissa Lindens filings are confusing and hoodwink, these filings as if they are ignorant. This is notice to all parties, I am pro se filler and am happy to provide verbal disclosure to any matters that arises out of my filings. I am a phone call away, so if your confused, i believe a this more constructive form of communication and remedy for your confusion. Complaining to a judge on a public docket seemly is a waste of time and appears to me, a regular person, to be exhibiting snitty behavior for an Attorney.
5. Defendant Attorneys has never communicated to scriber that they were not getting her filing. Scriber data is severely breech; she is a phone call away to sort this communication matter out. Bring this before a judge is seemingly a waste of time and should be consider irreverent.
6. Attorney for Plaintiff response they didn't not want to help me attain my and fathers' information form the defendant that was breeched by the actions of the defendant in this matter. Scriber has a right to her family's information and to be heard in the matter,
7. Order Compelling Susanna M. Buergel Jane B. O'Brien, the Firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Defendant Morgan Stanley Smith Barney LLC to individually submit an affidavit under penalty of perjury affirm these assertions made before the court by the named parties, "Nor has Paul, Weiss ever been retained at any time by Morgan Stanley to represent it in connection with Ms. Linden's demands for paperwork and files concerning those accounts, or for any issues related to any matters pending in the Connecticut Court of Probate. While there is no dispute that Paul, Weiss represents Morgan Stanley in the Class Action, involving a settlement class of........ at Paul, Weiss; we are not confident that we received every communication Ms. Linden intended to direct to our firm. Case 1:20-cv-05914-PAE Document 199 Filed 12/02/22 Page 3 of 4 4 which Ms. Linden is a member, Ms. Linden's repeated communications to Paul, Weiss do not concern that matter. Paul, Weiss's November 11 email was therefore accurate and appropriate in all respects."

<u>Legal Argument</u>

As plaintiffs' attorney have asserted under penalty of perjury "The Court also considered Ms. Linden's motion for joinder (ECF No. 123) and motion for stay (ECF No. 130) and denied both motions. See ECF No. 160 at 5-6; and the Defendant Attorney's represent under penalty of perjury "Nor has Paul, Weiss ever been retained at any time by Morgan Stanley to represent it in connection with Ms. Linden's demands for paperwork and files

concerning those accounts, or for any issues related to any matters pending in the Connecticut Court of Probate."

The docket reflects the above statements, by the plaintiffs and defendants, to appear as if, these statements above are not the truth and is why Scriber is asking for the court to relive her and remedy this matter. In the action of grant an order to compel the Plaintiff to place tangible proof to the docket of their assertion of, "The Court also considered Ms. Linden's motion for joinder (ECF No. 123) and motion for stay (ECF No. 130) and denied both motions. See ECF No. 160 at 5-6:' and the Defendant to place tangible proof, in the requested affidavits on the public docket. Furthermore, ask the court to consider these requested submissions as evidence, to be use in the decision rendered, surrounding these matters. Much more to the point moves, the court, to stay their decision making, until all disclosure is furnished.

Noting, to the court, the discrepancy discussed above are the reason for this request, an order to compel. Noting scriber, believes this submission meets the Criteria to grant her request. As the court can be provided proof of all individuals assertion on the public record instead of opinion on their hearsay.

Further noting to the court, scribers, believes the courts records evidences both the plaintiffs and defendants' argument and statements, to be bald on their face. In addition to pointing out, to the court, the court itself, doesn't have subject matter jurisdiction to grant or even so much as extend an argument to the plaintiff or defendant, that doesn't exist in when applying the law.

Concluding, the Plaintiff, **can't** say Melissa Linden filings were consider, when the case records appears,1. she has never been notified of this,2. or even so much as in front of this court. The Defendant, simply, can't restrict scribers access to the information and deceit family members information associated to breeches involving this decommissioning matter and certainly can't restrict access after, a Justice orders record production the breeched information pertaining to this decommissioning matter. Seemingly, these type of arguments and defenses appears unlawful. Which is why the scriber, is asking the court for remedy of this matter, by making plaintiffs and defendant, provide proof of their assertions to the public docket.

Highlighting to the court, most often, the court declines to prosecute or take up matters involving fraud on the Court. Because of past, very public position, on behalf of this court, scriber feels, the court, has to be diligent, in not hearing or participating in actions involving potential fraud on this court. Thus why, scriber prays, the court, remedies this matter, potently, involving fraud on the court, to the apocopate venue, to address these potential issues, in the appropriate manor governed by the law. Scriber's time is as equally valuable as everyone is. Scriber is a, self-employed, widower, with 8-year-old and 16-year-old. .

Wherefore, scribers, asks the court for immediately relief and remedy of the matter by ordering, scribers, **Amended Letter Motion for Order Compel Summited (12-02-2022). Both Plaintiff and(added) Defendants Council Susanna M. Buergel Jane B.**

**O'Brien , the Firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ,Defendant Morgan Stanley Smith Barney LLC to, Provided Proof thereof, Notice of, Claims Admirations Notice, approximately mailed in June 2020, March 2022, Proof of Melissa Linden Notice  Hearings and  Orders, and attached brief in support of, request for oral argument and request for the court to stay its decision** on Plaintiff and Defendants responses  until all motion involving disclosure are addressed, in addition to a penalty of 3 times the value of award monies,  cost and expenses associated with the filing and what the court sees fair and just ,granted ,  for display consistence vexatious behavior before the court.


Respectfully Submitted

Melissa Linden

## Order For:

Amended Letter Motion for Order Compel Summited (12-02-2022). Both Plaintiff and(added) Defendants Council Susanna M. Buergel Jane B. O'Brien , the Firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ,Defendant Morgan Stanley Smith Barney LLC to, Provided Proof thereof, Notice of, Claims Admirations Notice, approximately mailed in June 2020, March 2022, Proof of Melissa Linden Notice  Hearings and  Orders, and attached brief in support of, request for oral argument and request for the court to stay its decision on Plaintiff and Defendants responses  until all motion involving disclosure are addressed, in addition to a penalty of 3 times the value of award monies,  cost and expenses associated with the filing and what the court sees fair and just ,granted ,  for display consistence vexatious behavior before the court.

Is so Ordered _____

Entered in support of _____

Pursuant to the terms required by Law. The below parties have been served this matter on 12-4-2022.

Respectively

Melissa linden

| | | | |
|---|---|---|---|
| John A. Yanchunis<br>Morgan & Morgan, P.A.<br>201 N. Franklin Street 7th Floor<br>Tampa, Fl 33602<br>(813)-275-5272<br>(813) 222-4736 (fax)<br>jyanchunis@forthepeople.com<br>Assigned: 08/18/2020<br>LEAD ATTORNEY | Jonathan M. Sedgh<br>Morgan and Morgan<br>850 3rd Avenue<br>Ste 402<br>Brooklyn, NY 11232<br>212-738-6839<br>jsedgh@forthepeople.com<br>Assigned: 09/30/2021<br>ATTORNEY TO BE NOTICED | Linda P. Nussbaum<br>Nussbaum Law Group, P.C.<br>1211 Avenue of the Americas<br>New York, NY 10036<br>917-438-9102<br>lnussbaum@nussbaumpc.com<br>Assigned: 11/04/2020<br>ATTORNEY TO BE NOTICED | Heather H Jones<br>The Consumer Protection Firm<br>Florida<br>401 E. Jackson Street<br>SunTrust Financial Center<br>Ste 2340<br>Tampa, FL 33602<br>813-500-1500<br>813-435-2369 (fax)<br>heather@theconsumerprotectionf<br>irm.com<br>Assigned: 08/31/2020 |
| Leslie Guillon<br>Arnold Law Firm<br>865 Howe Avenue<br>Sacramento<br>Sacramento, CA 95825<br>916-239-4787<br>916-924-1829 (fax)<br>lguillon@justice4you.com<br>Assigned: 08/20/2020 | Michael Anderson Berry<br>Arnold Law Firm<br>865 Howe Avenue<br>Sacramento, CA 95825<br>916-777-7777<br>aberry@justice4you.com<br>Assigned: 08/20/2020<br>LEAD ATTORNEY | James E. Cecchi<br>Carella, Byrne, Cechi, Olstein,<br>Brody & Agnello, P.C.<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>973 994-1700<br>973 994-1744 (fax)<br>jcecchi@carellabyrne.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Lori Gwen Feldman<br>George Gesten McDonald PLLC<br>102 Half Moon Bay Drive<br>Croton on Hudson, NY 10520<br>917-983-9321<br>888-421-4173 (fax)<br>lfeldman@4-justice.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED |
| Jane Baek O'Brien<br>Paul, Weiss, Rifkind, Wharton &<br>Garrison, LLP (DC)<br>2001 K Street, N.W.<br>Washington, DC 20006<br>(202) 223-7300<br>(202) 223-7420 (fax)<br>jobrien@paulweiss.com<br>Assigned: 09/29/2020<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED | Daniel H. Levi<br>Paul Weiss (NY)<br>1285 Avenue of the Americas<br>New York, NY 10019<br>212-373-3497<br>212-492-0497 (fax)<br>dlevi@paulweiss.com<br>Assigned: 10/11/2021<br>ATTORNEY TO BE NOTICED | Brad Scott Karp<br>Paul Weiss (NY)<br>1285 Avenue of the Americas<br>New York, NY 10019<br>212-373-2384<br>212-373-2384 (fax)<br>bkarp@paulweiss.com<br>Assigned: 09/29/2020<br>LEAD ATTORNEY | Anna St. John<br>Hamilton Lincoln Law Institute<br>1629 K St. NW Suite 300<br>Washington, DC 20006<br>917-327-2392<br>anna.stjohn@hlli.org<br>Assigned: 07/12/2022<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED |

| Kyle Alan Shamberg<br>Lynch Carpenter LLP<br>111 W. Washington, STE 1240<br>Chicago, IL 60602<br>312-750-1265<br>kyle@lclllp.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Jonathan M. Jagher<br>Freed Kanner London & Millen<br>923 Fayette Street<br>Conshohocken, PA 19428<br>610-234-6487<br>224-632-4521 (fax)<br>jjagher@fklmlaw.com<br>Assigned: 09/17/2020<br>PRO HAC VICE<br>ATTORNEY TO BE NOTICED | Erich Paul Schork<br>Roberts Law Firm US, PC<br>PO Box 31909<br>Chicago, IL 60631<br>312-810-5824<br>erichschork@robertslawfirm.us<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Michael L Roberts<br>Roberts Law Firm<br>20 Rahling Circle<br>Little Rock, AR 72223<br>(501)-821-5575<br>(501)-821-4474 (fax)<br>aprilburton@robertslawfirm.us<br>Assigned: 03/18/2021<br>ATTORNEY TO BE NOTICED |
| **Janine Lee Pollack**<br>**Calcaterra Pollack LLP**<br>**1140 Avenue of the Americas**<br>**9th Floor**<br>**New York, NY 10036**<br>**212-899-1760**<br>**332-206-2073 (fax)**<br>**jpollack@calcaterrapollack.co**<br>**m**<br>**Assigned: 09/17/2020**<br>**ATTORNEY TO BE**<br>**NOTICED** | **Michael Milton Liskow**<br>**Calcaterra Pollack LLP**<br>**1140 Avenue of the Americas**<br>**Ste 9th Floor**<br>**New York, NY 10036-5803**<br>**212-899-1761**<br>**mliskow@calcaterrapollack.co**<br>**m**<br>**Assigned: 09/17/2020**<br>**ATTORNEY TO BE**<br>**NOTICED** | **Karen Halbert**<br>**Roberts Law Firm, P.A.**<br>**20 Rahling Circle**<br>**Little Rock, AR 72223**<br>**501-821-5575**<br>**.(fax)**<br>**karenhalbert@robertslawfirm.**<br>**us**<br>**Assigned: 09/23/2020**<br>**LEAD ATTORNEY**<br>**ATTORNEY TO BE**<br>**NOTICED** | **Melissa Robin Emert**<br>**Stull, Stull & Brody**<br>**6 East 45th Street**<br>**NY, NY 10017**<br>**Assigned: 09/17/2020**<br>**ATTORNEY TO BE**<br>**NOTICED abrody@ssbny.com** |

*Via Pro Se Email Portal*

**Judge Paul A. Engelmayer**
United States District Court Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

12-4-2022

In re Morgan Stanley Data Security Litigation Case No. 1:20-cv-05914-PAE

**Re:** Letter Motion for the Order of Acknowledgement of Dkt 125, Dkt 126, Dkt 127, pursuant to law, accept Scribers Appearance and issue an additional order Granting Electronic Filing Request

Dear Judge Paul A. Engelmayer and corporation,

Melissa A Linden, scriber, ask the court to grant her requests in this Letter Motion for the Order of Acknowledgement of, Dkt 125, Dkt 126, Dkt 127, pursuant to law and accept, Scribers, Appearance and issue additional order Granting her Electronic Filing Request. As the above request ed action will instant terminate the confusion surrounding the above mention matter.

Much more to the point assures, scriber, the court, is aware of who she is. In addition, scriber, asks the court to review exhibit A, this is a snap shot of the courts public docket, showing the parties that appeared or flied in the above mention matter, currently, Melissa Lindens name appears to be void.

Because Melissa Lindens is a named class member, and submitted fillings, her name should be present. As it appears void from being listed as either, a party who made filings or a party who made an appearance in the above mention matter, is why scriber is asking for the above-named relief and remedy,

Highlighting to the court, to the best of scribers knowledge, these are the basic requirements to litigate in southern district. With scribers name being void, the record appears as if she doesn't exist, when applying court process and the law. Thus, why scriber is asking the court to confirm her filings met the courts criteria and require to appear in the above mention matter, and is why scriber is asking for this confirmation, to be remedy in the form of an order. Noting, by rendering the requested order, scriber is under the belief that this will alleviate future appeal issues, that might arise if left un remedy.

As before the court is, scribers, appearance, motion to file electrically and assurance she is capable of filing electronically.

Wherefore, scribers, request the court provide remedy to the ambiguity surrounding scribers appearance and ability to file electorally. Both of these issues and their status

in court, seemingly,are not defined and is why scriber is asking the court to grant this Letter Motion for the Order of Acknowledgement of Dkt 125, Dkt 126, Dkt 127, pursuant to law, accept Scribers Appearance and issue an additional Order Granting Electronic Filing Request, in addition to grant any cost or expenses associated with this filing.

Respectively Summited

Melissa Linden

## **Order for**

Letter Motion for the Order of Acknowledgement of Dkt 125, Dkt 126, Dkt 127, pursuant to law, accept Scribers Appearance and issue an additional order Granting Electronic Filing Request

Is entered on _____

and is so ordered _____

Exhibit A





**Richard Crance**
on behalf of themselves and all others similarly situated

Added: 07/08/2020
(Plaintiff)                                    represented by

**Michael Andrew Berry**
Arnold Law Firm
865 Howe Avenue
Sacramento, CA 95825
916-777-7777
aberry@justice4you.com
Email: ...
*ATTORNEY TO BE NOTICED*

**Leslie Guillon**
Arnold Law Firm
865 Howe Avenue
Sacramento
916-339-4761
916-924-1829 (fax)
lguillon@justice4you.com
Email: ...
*ATTORNEY TO BE NOTICED*

**Heather H Jones**
The Consumer Protection Firm
401 E. Jackson Street
Suntrust Financial Center
Tampa, FL 33602
813-500-1500
813-435-2390 (fax)
heather@theconsumerprotectionfirm.com
*ATTORNEY TO BE NOTICED*

**Jean Sutton Martin**
Morgan & Morgan Main Test Dept
201 N. Franklin Street 6th Floor
Tampa, FL 33602
813-559-4908
jeanmartin@forthepeople.com
Terminal: 04/16/2021
*ATTORNEY TO BE NOTICED*

**Linda S Nussbaum**
Nussbaum Law Group, P.C.
1211 Avenue of the Americas
New York, NY 10036
917-438-9102
lnussbaum@nussbaumpc.com
*ATTORNEY TO BE NOTICED*

**Jonathan M. Sedgh**
Morgan and Morgan
850 3rd Avenue
Ste 402
Brooklyn, NY 11232
212-738-6839
jsedgh@forthepeople.com
Terminal: 04/16/2021
*ATTORNEY TO BE NOTICED*

**John A. Yanchunis**
Morgan & Morgan, P.A.
201 N. Franklin Street 7th Floor
Tampa, FL 33602
(813) 223-5505
(813) 223-5402 (fax)
jyanchunis@forthepeople.com
Terminal: 03/14/2021
*ATTORNEY TO BE NOTICED*

**Amanda Peterson**
Reese, Arnold & Weicker, LLP
200 Fifth Avenue, 19th Floor
New York, NY 10006
212-646-6555
212-643-1501 (fax)
apeterson@reesellp.com
Terminal: 03/14/2021
TERMINATED: 10/19/2011







**Filers**

| Name | Type | Added | Terminated |
|------|------|-------|------------|
| MARTIN BEHAR | Consolidated Plaintiff | 09/17/2020 | |
| Mark Blythe | Consolidated Plaintiff | 09/17/2020 | |
| Amy Dalton | Consolidated Plaintiff | 09/17/2020 | |
| Robina Frank | Objector | 07/12/2022 | |
| Cheryl Oemen | Plaintiff | 07/29/2020 | |
| Richard Oemen | Plaintiff | 07/29/2020 | |
| Richard Grossman | Movant | 09/09/2020 | |
| Richard Grossman | Consolidated Plaintiff | 09/17/2020 | |
| Amrash Jaj  see | Plaintiff | 07/29/2020 | |
| Howard Katz | Consolidated Plaintiff | 09/17/2020 | |
| Howard Katz | Movant | 09/09/2020 | |
| Lori Mausner | Consolidated Plaintiff | 09/17/2020 | |
| Richard Mausner | Consolidated Plaintiff | 09/17/2020 | |
| Morgan Stanley Smith Barney LLC | Defendant | 07/29/2020 | |
| John C. Nelson | Movant | 09/09/2020 | |
| John C. Nelson | Consolidated Plaintiff | 09/17/2020 | |
| Midori T. Nelson | Movant | 09/09/2020 | |
| Midori T. Nelson | Consolidated Plaintiff | 09/17/2020 | |
| Desiree Shapouri | Consolidated Plaintiff | 09/17/2020 | |
| Timothy M. Smith | Consolidated Plaintiff | 09/17/2020 | |
| Sylvia Tillman | Plaintiff | 07/29/2020 | |
| Vivian Yates | Plaintiff | 07/29/2020 | |

| PACER Service Center | | |
|------|------|------|
| Transaction Receipt | | |
| 12-04-2022 12:47:26 | | |
| PACER Login: | atmemtd226 | Client Code: | |
| Description: | Filer List | Search Criteria: | 1:20-cv-05914-PAE |
| Billable Pages: | 1 | Cost: | 0.10 |

Pursuant to the terms required by Law. The below parties have been served this matter on 12-04-2022.

Respectively

Melissa linden

| John A. Yanchunis | Jonathan M. Sedgh | Linda P. Nussbaum | Heather H Jones |
|------|------|------|------|
| Morgan & Morgan, P.A. | Morgan and Morgan | Nussbaum Law Group, P.C. | The Consumer Protection Firm |
| 201 N. Franklin Street 7th Floor | 850 3rd Avenue | 1211 Avenue of the Americas | Florida |
| Tampa, Fl 33602 | Ste 402 | New York, NY 10036 | 401 E. Jackson Street |
| (813)-275-5272 | Brooklyn, NY 11232 | 917-438-9102 | SunTrust Financial Center |
| (813) 222-4736 (fax) | 212-738-6839 | lnussbaum@nussbaumpc.com | Ste 2340 |
| jyanchunis@forthepeople.com | jsedgh@forthepeople.com | | Tampa, FL 33602 |

| | | | |
|---|---|---|---|
| Assigned: 08/18/2020<br>LEAD ATTORNEY | Assigned: 09/30/2021<br>ATTORNEY TO BE NOTICED | Assigned: 11/04/2020<br>ATTORNEY TO BE NOTICED | 813-500-1500<br>813-435-2369 (fax)<br>heather@theconsumerprotectionf<br>irm.com<br>Assigned: 08/31/2020 |
| Leslie Guillon<br>Arnold Law Firm<br>865 Howe Avenue<br>Sacramento<br>Sacramento, CA 95825<br>916-239-4787<br>916-924-1829 (fax)<br>lguillon@justice4you.com<br>Assigned: 08/20/2020 | Michael Anderson Berry<br>Arnold Law Firm<br>865 Howe Avenue<br>Sacramento, CA 95825<br>916-777-7777<br>aberry@justice4you.com<br>Assigned: 08/20/2020<br>LEAD ATTORNEY | James E. Cecchi<br>Carella, Byrne, Cechi, Olstein,<br>Brody & Agnello, P.C.<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>973 994-1700<br>973 994-1744 (fax)<br>jcecchi@carellabyrne.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Lori Gwen Feldman<br>George Gesten McDonald PLLC<br>102 Half Moon Bay Drive<br>Croton on Hudson, NY 10520<br>917-983-9321<br>888-421-4173 (fax)<br>lfeldman@4-justice.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED |
| Jane Baek O'Brien<br>Paul, Weiss, Rifkind, Wharton &<br>Garrison, LLP (DC)<br>2001 K Street, N.W.<br>Washington, DC 20006<br>(202) 223-7300<br>(202) 223-7420 (fax)<br>jobrien@paulweiss.com<br>Assigned: 09/29/2020<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED | Daniel H. Levi<br>Paul Weiss (NY)<br>1285 Avenue of the Americas<br>New York, NY 10019<br>212-373-3497<br>212-492-0497 (fax)<br>dlevi@paulweiss.com<br>Assigned: 10/11/2021<br>ATTORNEY TO BE NOTICED | Brad Scott Karp (NY)<br>Paul Weiss (NY)<br>1285 Avenue of the Americas<br>New York, NY 10019<br>212-373-2384<br>212-373-2384 (fax)<br>bkarp@paulweiss.com<br>Assigned: 09/29/2020<br>LEAD ATTORNEY | Anna St. John<br>Hamilton Lincoln Law Institute<br>1629 K St. NW Suite 300<br>Washington, DC 20006<br>917-327-2392<br>anna.stjohn@hlli.org<br>Assigned: 07/12/2022<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED |
| Kyle Alan Shamberg<br>Lynch Carpenter LLP<br>111 W. Washington, STE 1240<br>Chicago, IL 60602<br>312-750-1265<br>kyle@lcllp.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Jonathan M. Jagher<br>Freed Kanner London & Millen<br>923 Fayette Street<br>Conshohocken, PA 19428<br>610-234-6487<br>224-632-4521 (fax)<br>jjagher@fklmlaw.com<br>Assigned: 09/17/2020<br>PRO HAC VICE<br>ATTORNEY TO BE NOTICED | Erich Paul Schork<br>Roberts Law Firm US, PC<br>PO Box 31909<br>Chicago, IL 60631<br>312-810-5824<br>erichschork@robertslawfirm.us<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Michael L Roberts<br>Roberts Law Firm<br>20 Rahling Circle<br>Little Rock, AR 72223<br>(501)-821-5575<br>(501)-821-4474 (fax)<br>aprilburton@robertslawfirm.us<br>Assigned: 03/18/2021<br>ATTORNEY TO BE NOTICED |
| **Janine Lee Pollack**<br>**Calcaterra Pollack LLP**<br>**1140 Avenue of the Americas**<br>**9th Floor**<br>**New York, NY 10036**<br>**212-899-1760**<br>**332-206-2073 (fax)**<br>**jpollack@calcaterrapollack.co**<br>**m**<br>**Assigned: 09/17/2020**<br>**ATTORNEY TO BE**<br>**NOTICED** | **Michael Milton Liskow**<br>**Calcaterra Pollack LLP**<br>**1140 Avenue of the Americas**<br>**Ste 9th Floor**<br>**New York, NY 10036-5803**<br>**212-899-1761**<br>**mliskow@calcaterrapollack.co**<br>**m**<br>**Assigned: 09/17/2020**<br>**ATTORNEY TO BE**<br>**NOTICED** | **Karen Halbert**<br>**Roberts Law Firm, P.A.**<br>**20 Rahling Circle**<br>**Little Rock, AR 72223**<br>**501-821-5575**<br>**.(fax)**<br>**karenhalbert@robertslawfirm.**<br>**us**<br>**Assigned: 09/23/2020**<br>**LEAD ATTORNEY**<br>**ATTORNEY TO BE**<br>**NOTICED** | **Melissa Robin Emert**<br>**Stull, Stull & Brody**<br>**6 East 45th Street**<br>**NY, NY 10017**<br>**Assigned: 09/17/2020**<br>**ATTORNEY TO BE**<br>**NOTICED abrody@ssbny.com** |

*Via Pro Se Email Portal*

**Judge Paul A. Engelmayer**
United States District Court Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**12-02-2022**

In re Morgan Stanley Data Security Litigation Case No. 1:20-cv-05914-PAE

**Re**: Amended Letter Motion for Clarification, Stay of Judgement of Plaintiff and Defendants Response until parties Disclose, and requested argument to ensure fundamental fairness to the matter

Dear Judge Engelmayer and the Court:

Melissa Linden, Scriber, respectfully submits this motion for clarification and Brief, in support of, the Plaintiffs, rendering an emergency clarification, Defendants Attorney in the form of an affidavit, clarifying the Plaintiff statement under penalty of perjury that states the following, "Ms. Linden was a class member for purposes of the Morgan Stanley Data Security Incidents, she was not a party to the litigation as she was not a named plaintiff in any related matter consolidated before this Court." and support a Stay of judgement of Plaintiff and Defendants Response until parties Disclose for the following reason:

Memorandum of Law

Specific Facts Relied Upon

This statement above made by the plaintiff and defendant clearly seem to be based in ambiguity thus in need of clarification. In that, scriber asks the court, how can one be a class member in the incident but not able to become a part of the litigation. Scriber also asks court how it could consider defendants determinations, when scribers families information is clearly breeched within the confines of this suit. As my understanding, when applying the law to these actions it simply makes no sense. Highlighting, aren't class actions formed in the first place to be all inclusive. This is why scriber is asking for clarification of plaintiffs' and defendants' determination, of scriber, and define how she cannot participate in this litigation. From scribers point of view, this determination, doesn't seem consistent with US Law. Therefore, is the reason, scriber, is asking Plaintiff and Defendant to clarify their statements below:

Below is what scriber is asking Plaintiff Clarify:

1. What is the definition of a class member for purposes of Morgan Stenly Data Security Incident,

2 what is the definition of, a party which a named plaintiff in any related consulted matter before this court is

3 who made this determination alleged classification and choose which parties can be heard.

4 when were class members, for purposes of Morgan Stenly Date Security Incident notified, they could not take part to In re Morgan Stanley Data Security Litigation Case No. 1:20-cv-05914-PAE

5, I want to Notify the court that, all my request to seek remedy of the matter were given to the prospective parties, well before judgment came to be in this matter. All parties failed to act.

Below is what scriber is asking Defendant to clarify:

6.In this comment "1 These communications, which are attached as Exhibit 1 to the accompanying declaration of Susanna Buergel dated December 2, 2022, were directed to several lawyers Case 1:20-cv-05914-PAE Document 199 Filed 12/02/22 Page 2 of 4 3 entities not involved in the Class Action, including Charles Schwab) provide her with documentation and other information related to her deceased father's former accounts." Scriber is asking for clarity if, who the Defendant has given access to her deceased fathers accounts. Advising the court, my dad, was afforce intelligence, had firm understanding of how data breeches can ruin your life. Making it very clear to the court, my dad, would not be cool with how his legacy is being handle at the moment.

7.Scriber asks, Defendant to, 1. Name what entities not involved in the class action or matter did scriber direct Justices Peoples publicly dockets order, that defendant was a party to and please provide proof to the public docket. Advising the court, Charles Schwab, happens to be co- named in the decree by the court and also advising the court, defendant, failed to execute on the order. Also advising both of these companies are tied to identity theft matters involving my family. Making it clear to the court, Morgan Stanley failed to execute ,Richard F Lindens, examiners request.

8. Has the law firm of Paul, Weiss, Rifkind, Wharton & Garrison, LLP. Or Paul Weiss (NY), or any attorney in this matter, representing Paul, Weiss, Rifkind, Wharton & Garrison, LLP. Or Paul Weiss (NY), have represented Charels Schwab and co, in US courts or worked on any of their legal matters representing Charels Schwab and Co.

<u>Legal Facts Relied Upon</u>

In order to rectify the confusion surrounding the matter of scribers class determination, clarification would be needed and precedence relied form this Court, stated that any non-party that requires clarification regarding the scope of the facts may make an application and "[s]uch clarification will be promptly provided."

As the court can determiner themselves, the plaintiff statements are based in confusion and clearly in need of definition and is why scriber, has asked the court to relive her of

this matter, and remedy the situation immediately by granting this motion and ordering a clarification from the Plaintiff pertaining to the above statements.

Highlighting, similarly, the Second Circuit instructed that "when questions arise ....., district courts will not 'withhold a clarification in the light of a concrete situation' . . . [and] [t]he doors of the district court obviously remain open for such applications." NML Capital Ltd. v. Republic of Argentina, 727 F.3d 230, 243 (2d Cir. 2013) ("NML II").2

Conclusion

Wherefore, scriber asks the court to grant this submission as a remedy and relief to the chaotic matter. In that it would be nearly impossible for scriber to form an argument when facts are simply not clearly defined. Especially when the assertions made by Plaintiff and Defendant, seemingly are, represented with no merit and, is why scriber have asked the court to grant her this remedy, by ordering the plaintiff and defendant to clarify their ambulant statements, as well as grant a Stay of judgment, of Plaintiff and Defendants Response until parties Disclose, in addition to the cost and expenses associated with this filing and what the court see fair and just.


Respectively Submitted,

Melissa Linden

**Order**

Order for

Amended Letter Motion for Clarification and requested argument to insure fundamental fairness to the matter

Is Entered_____

Is ordered _____

Pursuant to the terms required by Law. The below parties have been served this matter on 12-4-2022.

Respectively

Melissa linden

| | | | |
|---|---|---|---|
| John A. Yanchunis<br>Morgan & Morgan, P.A.<br>201 N. Franklin Street 7th Floor<br>Tampa, Fl 33602<br>(813)-275-5272<br>(813) 222-4736 (fax)<br>jyanchunis@forthepeople.com<br>Assigned: 08/18/2020<br>LEAD ATTORNEY | Jonathan M. Sedgh<br>Morgan and Morgan<br>850 3rd Avenue<br>Ste 402<br>Brooklyn, NY 11232<br>212-738-6839<br>jsedgh@forthepeople.com<br>Assigned: 09/30/2021<br>ATTORNEY TO BE NOTICED | Linda P. Nussbaum<br>Nussbaum Law Group, P.C.<br>1211 Avenue of the Americas<br>New York, NY 10036<br>917-438-9102<br>lnussbaum@nussbaumpc.com<br>Assigned: 11/04/2020<br>ATTORNEY TO BE NOTICED | Heather H Jones<br>The Consumer Protection Firm<br>Florida<br>401 E. Jackson Street<br>SunTrust Financial Center<br>Ste 2340<br>Tampa, FL 33602<br>813-500-1500<br>813-435-2369 (fax)<br>heather@theconsumerprotectionf<br>irm.com<br>Assigned: 08/31/2020 |
| Leslie Guillon<br>Arnold Law Firm<br>865 Howe Avenue<br>Sacramento<br>Sacramento, CA 95825<br>916-239-4787<br>916-924-1829 (fax)<br>lguillon@justice4you.com<br>Assigned: 08/20/2020 | Michael Anderson Berry<br>Arnold Law Firm<br>865 Howe Avenue<br>Sacramento, CA 95825<br>916-777-7777<br>aberry@justice4you.com<br>Assigned: 08/20/2020<br>LEAD ATTORNEY | James E. Cecchi<br>Carella, Byrne, Cechi, Olstein,<br>Brody & Agnello, P.C.<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>973 994-1700<br>973 994-1744 (fax)<br>jcecchi@carellabyrne.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Lori Gwen Feldman<br>George Gesten McDonald PLLC<br>102 Half Moon Bay Drive<br>Croton on Hudson, NY 10520<br>917-983-9321<br>888-421-4173 (fax)<br>lfeldman@4-justice.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED |
| Jane Baek O'Brien<br>Paul, Weiss, Rifkind, Wharton &<br>Garrison, LLP (DC)<br>2001 K Street, N.W.<br>Washington, DC 20006<br>(202) 223-7300<br>(202) 223-7420 (fax)<br>jobrien@paulweiss.com<br>Assigned: 09/29/2020 | Daniel H. Levi<br>Paul Weiss (NY)<br>1285 Avenue of the Americas<br>New York, NY 10019<br>212-373-3497<br>212-492-0497 (fax)<br>dlevi@paulweiss.com<br>Assigned: 10/11/2021<br>ATTORNEY TO BE NOTICED | Brad Scott Karp<br>Paul Weiss (NY)<br>1285 Avenue of the Americas<br>New York, NY 10019<br>212-373-2384<br>212-373-2384 (fax)<br>bkarp@paulweiss.com<br>Assigned: 09/29/2020<br>LEAD ATTORNEY | Anna St. John<br>Hamilton Lincoln Law Institute<br>1629 K St. NW Suite 300<br>Washington, DC 20006<br>917-327-2392<br>anna.stjohn@hlli.org<br>Assigned: 07/12/2022<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED |

| LEAD ATTORNEY ATTORNEY TO BE NOTICED | | | |
|---|---|---|---|
| Kyle Alan Shamberg<br>Lynch Carpenter LLP<br>111 W. Washington, STE 1240<br>Chicago, IL 60602<br>312-750-1265<br>kyle@lcllp.com<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Jonathan M. Jagher<br>Freed Kanner London & Millen<br>923 Fayette Street<br>Conshohocken, PA 19428<br>610-234-6487<br>224-632-4521 (fax)<br>jjagher@fklmlaw.com<br>Assigned: 09/17/2020<br>PRO HAC VICE<br>ATTORNEY TO BE NOTICED | Erich Paul Schork<br>Roberts Law Firm US, PC<br>PO Box 31909<br>Chicago, IL 60631<br>312-810-5824<br>erichschork@robertslawfirm.us<br>Assigned: 09/17/2020<br>ATTORNEY TO BE NOTICED | Michael L Roberts<br>Roberts Law Firm<br>20 Rahling Circle<br>Little Rock, AR 72223<br>(501)-821-5575<br>(501)-821-4474 (fax)<br>aprilburton@robertslawfirm.us<br>Assigned: 03/18/2021<br>ATTORNEY TO BE NOTICED |
| **Janine Lee Pollack**<br>**Calcaterra Pollack LLP**<br>**1140 Avenue of the Americas**<br>**9th Floor**<br>**New York, NY 10036**<br>**212-899-1760**<br>**332-206-2073 (fax)**<br>**jpollack@calcaterrapollack.co**<br>**m**<br>**Assigned: 09/17/2020**<br>**ATTORNEY TO BE**<br>**NOTICED** | **Michael Milton Liskow**<br>**Calcaterra Pollack LLP**<br>**1140 Avenue of the Americas**<br>**Ste 9th Floor**<br>**New York, NY 10036-5803**<br>**212-899-1761**<br>**mliskow@calcaterrapollack.co**<br>**m**<br>**Assigned: 09/17/2020**<br>**ATTORNEY TO BE**<br>**NOTICED** | **Karen Halbert**<br>**Roberts Law Firm, P.A.**<br>**20 Rahling Circle**<br>**Little Rock, AR 72223**<br>**501-821-5575**<br>**.(fax)**<br>**karenhalbert@robertslawfirm.**<br>**us**<br>**Assigned: 09/23/2020**<br>**LEAD ATTORNEY**<br>**ATTORNEY TO BE**<br>**NOTICED** | **Melissa Robin Emert**<br>**Stull, Stull & Brody**<br>**6 East 45th Street**<br>**NY, NY 10017**<br>**Assigned: 09/17/2020**<br>**ATTORNEY TO BE**<br>**NOTICED** abrody@ssbny.com |